*G. M. Overstreet* and *A. B. Hunter*, for appellee.

———————•————

MILLER *v.* THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY.

CHANGE OF VENUE.—*From County.*—Where a change of venue is granted in a civil action in the circuit court or court of common pleas because of an objection to the county, under sections 207, 208, and 209 of the code, the cause may be sent on such change to a county in another judicial circuit or district.

APPEAL from the Fountain Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellee, brought in the Warren Court of Common Pleas, and, on the application of the defendant below, for cause addressed to the county, the venue was changed to the Court of Common Pleas of the county of Tippecanoe. Afterwards, on the application of the plaintiff, stating that he could not have a fair trial in said latter county, the venue was again changed to the Court of Common Pleas of Fountain county. The defendant below objected to the last change, because there had been a change from Warren to Tippecanoe, the only two counties in the district, urging that the cause could not be sent back to Warren, nor sent out of the district; but the objection was overruled, the change was ordered as above stated, and the defendant excepted.

In the Fountain court, the defendant moved, amongst other things, that the cause be dismissed for want of jurisdiction in that court, upon the ground, in substance, that a

cause could not be sent out of the judicial district on a change of venue. The motion thus made was sustained by the court, and the cause was dismissed, to which ruling the plaintiff duly excepted. To reverse the judgment thus dismissing the cause, the case comes to this court, and the only question presented is, whether the cause could have been properly sent from Tippecanoe to Fountain county, they being in different judicial districts.

It has been a somewhat mooted question whether a circuit or common pleas court could, on change of venue from the county, send the cause out of the circuit or district.

The earliest legislation on the subject, to which our attention has been called, perhaps the first in the State, is in the Revised Laws of 1824. It is provided in the sixth section of the act, that "no change of venue shall be granted so as to take the case out of the circuit where the suit is commenced, unless the president of the circuit be interested or prejudiced," &c. This provision was re-enacted and continued in the Revisions of 1831, and 1838, and, with slight change of phraseology, in the Revision of 1843. But in the Revised Code of 1852, though provision is made for a change, both on account of objections to the judge, and objections to the county, the prohibition to send the cause out of the circuit is omitted. 2 R. S. 1852, p. 74. Again, in the amendment of 1859 (Acts 1859, p. 139), there is no restriction in this respect, although this amendment provides, for the first time, it is believed, for calling another judge, where the objection is made to the judge, instead of sending the cause away to be tried. The statute of 1852, as amended in 1859, and again in 1861, constitutes the present law on the subject. 2 G. & H. 154. It provides for calling a different judge to try the cause, and not for a change of venue properly speaking, in four classes of cases, where the objections are made to the judge; and for a change of venue proper in three classes of cases, where the objections are not to the judge but to the county; and in the latter cases the cause is to be sent to another county

for trial, but there is no restriction whatever as to the county to which it shall be sent. If any argument is to be drawn from the fact that such restriction was contained in the statutes prior to the revision of 1852, and in that revision omitted, it is that the legislature intended to omit the restriction, and permit the judge or court granting the change to send the cause to any county he thought proper without reference to the division of the State into circuits or districts. Nor is there any good ground for holding that the old statutes are continued in force to supply an omitted case. There was a consideration that may have induced the legislature to omit the restriction. They may have anticipated just such cases as the present.

A little over a month before the passage of the act of 1852, they had provided for the organization of the court of common pleas; and they may have foreseen that at no distant day the increase of population and business of the State would be such that two counties, or even one, would be sufficient to constitute a judicial circuit or district; and in that event, unless a cause could be sent out of the circuit or district, one or the other of the parties would be deprived of a right which the law gives them, each being entitled to take a change.

Whether considerations of this character entered into the views of the legislature or not, we think that as the law contains no restriction as to the county to which a cause may be sent, we have no authority whatever for saying it shall not be sent out of the circuit or district. It is ably and earnestly urged by the counsel for the appellee, that inasmuch as there is no provision expressly authorizing a cause to be sent out of the circuit or district, it cannot be done. But why, in ordering a change, be limited to the circuit or district? What have these divisions to do with the question where the cause should be sent? Absolutely nothing, unless we interpolate into the statute a restriction, not only not found in it, but not implied from any thing in it or from the nature of the subject.

A later statute (3 Stat. Ind. 546) provides for a change of venue in certain actions, from the circuit or district, but this act does not furnish even a legislative interpretation of the former statutes in favor of the appellee. Under the former statutes, as we construe them, upon a proper application, the court could send a cause to some other county of the circuit or district, or to some county out of the circuit or district. Under the later statute, it is imperative on the court or judge, upon the proper application, to send the cause out of the circuit or district. There is nothing in the later statute that implies the want of authority under the former law to send a case out of the circuit or district, but the object of the later law was to make it imperative that it should be sent out in cases therein provided for.

We are of opinion that the order of the court below was erroneous, and, therefore, that it must be reversed.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to reinstate the cause.

*J. H. Brown*, for appellant.
*W. Z. Stuart*, for appellee.