PALATINE INSURANCE COMPANY v. EVANS.

Opinion delivered November 28, 1896.

CHANGE OF VENUE—COUNTY OUTSIDE OF DISTRICT.—A circuit judge may change the venue of a civil action to a county outside of his judicial district, under Sand. & H. Dig., sec. 7381, authorizing him, on a petition by either party, to change the venue "to a county to which there is no valid objection, which, in his judgment, is most convenient to the parties and their witness."

Petition for Prohibition to Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

The Palatine Insurance Company filed its original petition, asking that the Honorable J. H. Evans, judge of the circuit court of Crawford county, be prohibited from hearing the civil case of Mary L. Haglin, plaintiff, against the Palatine Insurance Company, defendant, alleging that the case was wrongfully transferred on change of venue from one of the circuit courts of Sebastian county, a county belonging to the twelfth judicial district, to the circuit court of Crawford county, a county belonging to the fifteenth judicial district.

*Clayton & Brizzolara* for petitioner.

*John H. Rogers, contra.*

BATTLE, J.    Can a judge of a circuit court change the venue in a civil action pending before him to a county outside of his judicial circuit?

It is ordained by the constitution (art. 2, § 10) that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury, of the county in which the crime shall have been committed; provided that the venue may be changed to any other county of the judicial district in which the

indictment is found, upon the application of the accused, in such manner as now is, or may be, prescribed by law;" but does not limit the power of the legislature to authorize the change of venue in civil actions.

As to the change of venue in such actions the statutes provide as follows :

"Section 7379.   Any party to a civil action, trial by a jury, may obtain an order for a change of venue therein by motion upon a petition stating that he verily believes that he cannot obtain a fair and impartial trial in said action in the county in which the same is pending, on account of the undue influence of his adversary, or of the undue prejudice against the petitioner, or his cause of action or defense, in such county." * * * * * * *

"Section 7380.   The motion shall be made before, and the order granted by, the judge of the circuit court of the county in which the action is pending, in open court or in vacation.   * * * *   The party may make his petition and the affidavit supporting the same apply to one county in addition to the one in which the action is pending.

"Section 7381.   Upon presenting the petition and notice to such judge, he shall make an order for the change of the venue in such action to a county to which \there is no valid objection, which, in his judgment, is most convenient to the parties and their witnesses."

Under these statutes, each party has the right to prevent the trial in two counties, if he has valid objections to that many, making four to the two, if their objections are to different counties.   The result in such a case would be, if the venue could not be changed to a county in another circuit, and there were not exceeding four counties in the circuit in which the action is pending, the parties could not exercise their rights, or there could be no trial.   At the time the statutes were passed,

there were two judicial circuits in this state in which there were only four counties. At this time there are six which have four, two which have three, and two which have two counties. In this arrangement of the judicial circuits, a condition of affairs, as in this case, might well be imagined in which the administration of justice might be defeated by allowing each party to exercise his rights under the statutes as to the change of venue; unless the venue could be changed to another circuit. To prevent an occurence of this kind, the general assembly may well have intended to leave the circuit judge without restriction as to the circuit to which the venue may be changed.

Whatever the intention of the general assembly may have been, as the statutes contain no restriction as to the county to which a cause may be sent, except that stated, we have no authority for saying it shall not be sent out of the circuit. The only restriction contained in the statute is that the judge shall make the change to a county to which there is no valid objection, which, in his judgment, is most convenient to the parties and their witnesses. This provision, if observed, protects all parties and witnesses against unnecessary hardships, and removes all reasonable objections to sending the action out of the circuit. *Miller* v. *Toledo, etc., R. Co.*, 33 Ind. 535; *Cromie* v. *Hoover*, 40 Ind. 49.

But it is urged that the general assembly divided the county of Sebastian, in which the action in which the venue was changed was instituted, into two districts, and provided that circuit courts should be held in each district, and that "the circuit court of said districts may change the venue of cases from one district to the other, or to any county in the judicial circuit, *in like manner as changes of venue are granted in this state.*" But what is said about the change of venue to a county in

the judicial circuit is an expression of an opinion as to the law at that time, and can have no effect in the interpretation of the statutes under consideration, which were passed subsequently. We answer the question in the beginning of this opinion in the affirmative.

The demurrer to the petition is sustained.