BRADLEY vs. CRAMER and others.

*November 12 — November 25, 1884.*

*Change of venue: Discretion as to place.*

Ch. 314, Laws of 1883 (if enacted by the legislature — a question not determined), does not repeal or modify subd. 2, sec. 2622, R. S.; and where the venue is changed under that section the case may be sent to any county where the causes complained of do not exist, in the discretion of the trial judge.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was commenced in the circuit court for Milwaukee county. This appeal is by the defendants from a portion of an order changing the place of trial. The facts are stated in the opinion.

For the appellants there was a brief by *Finches, Lynde & Miller*, and oral argument by *Mr. Geo. P. Miller*.

For the respondent there was a brief by *Quarles & Winslow*, and oral argument by *Mr. T. W. Spence*.

COLE, C. J. The application for a change of the place of trial was made on the ground that the defendants could not have a fair trial in Milwaukee county because of the prejudice of the people of that county. The order recites that it appeared to the satisfaction of the court that a fair trial of the cause could not be had in Milwaukee county on account of the prejudice of the people of that county, therefore it was ordered that the same be sent to Rock county for trial. The defendants have appealed from so much of the order as changes the place of trial to Rock county. They claim that it should have been sent to an adjoining county, as required by ch. 314, Laws of 1883. To this contention the counsel on the other side answers (1) that ch. 314, though found in the published volume of the Laws of 1883, yet never was passed by the legislature, consequently is not a law; and (2) that if that act is a valid law, still it does not repeal sec. 2622, R. S., and that the place of trial was changed under subd. 2 of the latter section, which gave the circuit court discretion to send the cause to Rock county for trial.

The question whether ch. 314 was ever enacted by the legislature so as to become a law is certainly a grave one, but we do not find it necessary to decide that question now, and must not be understood as doing so. For the purposes of this appeal it may be assumed that ch. 314 is a valid en-

actment. Still we fully agree with plaintiff's counsel that'it does not repeal subd. 2 of sec. 2622, R. S. Certainly ch. 314 does not profess to change or repeal any part of the latter section. Therefore both provisions may well stand together, and have effect given them.

The petition for a change in this case makes no reference to ch. 314. There is no more reason for saying the application was made under that act than there is for saying it was made under subd. 2. The petition is sufficient to authorize the court to change the place of trial under the latter provision, because there was reason to believe that an impartial trial could not be had in Milwaukee county.

Where the place of trial is changed under subd. 2, the court has a discretion as to where the cause shall be sent for trial; and we could not interfere with the exercise of that discretion unless there had been an abuse of the same. But ch. 314 provides that whenever a change is ordered under that law, such change shall be to some other county in the same circuit in which the action is pending, except where the circuit comprises but one county, in which case the place of trial shall be changed to an adjoining county. This restricts the discretion of the court, and requires, in the former case, the cause to be sent to some county in the circuit; in . the latter case, to be sent to an adjoining county. But as this application for the change may be sustained as one under subd. 2, there was no abuse of discretion on the part of the circuit court in sending it to Rock county for trial. .

*By the Court.*— That portion of the order appealed from is affirmed, and the cause is remanded for further proceedings.