JOHN S. MURPHY v. THE DISTRICT COURT OF THE EIGHTH JUDICIAL
DISTRICT, AND E. B. GOSS, JUDGE.

Opinion filed November 20, 1905.

### Criminal Law — Change of Venue — Judge Not Limited to Adjoining Counties and Districts in Ordering Change.

1. Under the statutes of the state regulating changes of place of trial in criminal cases upon defendant's application, because of prejudice which precludes a fair and impartial trial in the county where the indictment or information is laid, the presiding judge is not limited, in selecting a place for trial, to adjoining counties or judicial districts. The single statutory requirement is that he shall send the case "where the cause complained of does not exist."

### Same — Discretion of Trial Judge.

2. When a change of place of trial is obtained by a defendant because of local prejudice, the duty of selecting the place for trial rests exclusively upon the presiding judge, in the exercise of sound judicial discretion.

### Same — Abuse of Discretion.

3. When a change has been granted, and another county selected, it will be presumed that the discretion of the presiding judge was exercised properly, and the burden is upon one attacking his order to show affirmatively a manifest case of abuse; and this court will not, under its superintending power over inferior courts, revise his order, in the absence of such a showing, and in no case will it substitute and enforce its discretion as against the discretion of the presiding judge.

### Same.

4. The defendant, who stands charged with the crime of forgery in the third degree in the district court of Ward county, applied for a change of place of trial and of judges, because of local prejudice and prejudice of the presiding judge, and requested a speedy trial. A change was granted to Cass county, and the judge of that district was designated as the judge to preside at the trial. After the order was made the defendant objected upon two grounds: (1) Because the case was not sent to an adjoining or neighboring county; and (2) because of the added expense of taking witnesses to Cass county. It is shown that a speedier trial could be had in Cass county than elsewhere, and it is conceded in this court that the court's action was proper in not selecting an adjoining county, and it is also conceded that a fair and impartial trial is assured in Cass county and before an unprejudiced judge, and it is not claimed or shown that the defendant will be prejudiced in making his defense. It is *held*, upon defendant's application for a writ of certiorari to review said

order, that these facts and those set out in the opinion do not show an abuse of discretion by the presiding judge such as will warrant the exercise of the superintending jurisdiction of this court; and the writ is therefore denied.

Engerud, J., dissenting in part.

Application by John S. Murphy for writ of certiorari to the district court of the Eighth Judicial district, and E. B. Goss, Judge.

Writ denied.

*W. S. Lauder* and *Palda & Burke*, for plaintiff.

*Green & McGee,* for defendants.

Young, J. This is an application for a writ of certiorari on behalf of one J. S. Murphy, the defendant in State v. Murphy. On July 28, 1905, an information was filed in the district court of Ward county, charging the defendant with the crime of forgery in the third degree. On August 7, 1905, the defendant moved for a change of place of trial, and for a change of judges to sit at the trial of the action. The motion was based upon the defendant's affidavit, which alleged in substance that he could not have a fair and impartial trial in Ward county because of the prejudice which made it impossible to obtain jurors who had not formed an opinion of the guilt or innocence of the defendant, and that the presiding judge was prejudiced and biased against the defendant. The motion was granted, and the place of trial was changed from Ward county, in the Eighth judicial district, to Cass county, in the Third judicial district, and the judge of that district was designated as the judge to preside at the trial. The record shows that the defendant "objected and excepted to that portion of the order in which the place of trial is changed to Cass county, * * * it being 283 miles from the county seat of Ward county to the county seat of Cass county by the usual route of travel, and that there is no reason shown why a fair and impartial trial of said action cannot be had at any of the counties adjoining or near to the said county of Ward, and that no reason is shown why the defendant should be put to the great and extraordinary expense of traveling, with his witnesses, 283 miles from his home to defend the action." Thereafter, and on August 30, 1905, the defendant, upon his affidavit setting forth the facts and proceedings above stated, procured an order from a judge of this court, directing the presiding judge of the Eighth judicial district, commanding him to show cause before

this court on September 20, 1905, "why an appropriate writ should not be issued from this court, requiring and commanding him to transmit to this court all the pleadings and records, and all the records of the proceedings had in said criminal action that right and justice may be done therein." On the return day a verified answer to the order to show cause was filed on behalf of the judge of the Eighth judicial district, which states the reasons for his action, and, among other things, contains a copy of the defendant's affidavit upon which the order complained of was made. The hearing in this court upon the application for the writ prayed for was upon the defendant's moving affidavit and the verified answer. The question involved is whether the facts presented show that the presiding judge exceeded his jurisdiction in sending the case to Cass county. If they do, the writ should be granted; otherwise, it must be denied. The consideration of this question will require a reference to the sections of the statute authorizing and regulating changes of place of trial and judges in criminal cases. So far as material, they are as follows (Rev. Codes 1899) :

Section 8110: "The defendant in a criminal action * * * may be awarded a change of the place of trial, upon his petition upon oath * * * that he has reason to believe, and does believe, and the facts upon which such belief is based, that he cannot receive a fair and impartial trial in the county or judicial subdivision where said action is pending, upon any of the following grounds"—which are four in number: (1) Undue influence of the state's attorney or person promoting the prosecution over the minds of the people of the county; (2) prejudice of the people against the defendant or the offense; (3) impossibility to obtain an impartial jury; (4) any other cause which would probably deprive the defendant of a fair trial.

Section 8112: "The court being satisfied that cause exists therefor, as defined in section 8110, must order a change of the place of trial to some county or judicial subdivision where the cause complained of does not exist. * * *"

Section 8120: "Whenever the defendant * * * shall file his affidavit stating that he has good reason to believe and does believe that he cannot have a fair and impartial trial of such action on account of the prejudice of the judge of the district court in which said action is pending, the court shall thereafter proceed in said action as follows: (1) If the defendant * * * asks for a change of the place of trial of said action on any of the

grounds specified in section 8110 of this Code [local prejudice], and also for the cause mentioned in this section [prejudice of the judge], it shall be the duty of the court to order said action moved for trial to some other county or judicial subdivision in this state, as provided in this article, and to request, arrange for and procure some other judge than the one objected to, to preside at the trial of said action; or (2) if a change is asked for only on account of the cause mentioned in this section [prejudice of the judge] the court in which said order is pending may order said action removed to a county or judicial subdivision in an adjoining judicial district in which it can be conveniently and expeditiously tried before another judge, or may request, arrange for and procure the judge of another judicial subdivision to preside at the trial in the county or judicial subdivision in which the action is pending * * *"

It will be observed that when a change of place of trial is made because of local prejudice, under section 8110, supra, or because of local prejudice and the prejudice of the presiding judge combined, as in this case, under subdivision 1 of section 8120, the presiding judge is not restricted as to the county or judicial district to which he may send it. Subdivision 1 of section 8120 states that "it shall be the duty of the court to order said action removed for trial to some other county or judicial subdivision in this state, as provided in this article, and to arrange for and procure some other judge than the one objected to, to preside at the trial of said action;" and section 8112 provides that, when the court is satisfied that the cause authorizing the change under section 8110 (local prejudice) exists, it "must order a change of the place of trial to some county or judicial subdivision where the cause complained of does not exist." Subdivision 2 of section 8120, supra, relates solely to the court's duty when the affidavit of prejudice is directed to the presiding judge alone. The court may, in such cases, call in another judge, or send the case to some county in "an adjoining district," where it can be "conveniently and expeditiously tried before another judge." Where a case is sent to another county under this subdivision (prejudice of the judge), it is purely for convenience, and this fact amply justifies the provisions limiting the change to a county in an adjoining district. Where, however, the change is for local prejudice, the statute places no limitation upon the court's action further than the requirement to select a county "where the cause complained of does not exist."

The statutes of most of the states require that in ordering a change the case must be sent to an adjoining county or judicial district, or to the nearest or most convenient county free from objection. See 4 Enc. Pl. & Pr. 458. It is needless to say that, when such restrictions are imposed, they must be observed. Our statute, however, contains no such restrictions. The matter of fixing the place of trial, when the change is for local prejudice, is left to the presiding judge. The only requirement imposed by the statute is that it must be sent to a county or judicial subdivision "where the cause complained of does not exist." The selection of the county is left to the discretion of the presiding judge. He may select one county in preference to another county, and may prefer one judicial district to another, so long as he does not exceed his legal discretion. This, we understand, is conceded by counsel for defendant. Their contention is—and this presents the only question in the case—that the presiding judge abused or exceeded his discretion in sending the case to Cass county, and that the record should therefore be sent up to the end that he may be required to select some county nearer to Ward county. In our opinion, the facts presented afford no warrant for such interference on the part of this court. The duty of selecting a county free from prejudice is cast upon the presiding judge, and this means, of course, a county where the trial will be fair, both to the state and to the defendant. Ex parte Hodgson, 59 Ala. 305. The defendant is given the right to secure a change on account of local prejudice, but the power to select the county to which the action shall be sent is not given to him. Neither is it given to this court. It is given to the presiding judge, and is peculiarly within his discretion.

The question, therefore, is, not what county would the defendant select, nor what choice would our discretion dictate, but is whether or not the presiding judge exceeded the discretion committed to him in sending the case to Cass county. The superintending control over inferior courts—that is, the power to keep them "within bounds"—which is vested in this court by the state constitution, does not authorize us to substitute our discretion for that of the tribunals whose acts we superintend. This was well expressed by the Supreme Court of Michigan in T. & W. Co. v. Circuit Judge, 75 Mich. 360, 371, 42 N. W. 968, in which that court said: "It is true that the constitution has given this court a general superintending control over all inferior courts, but in the exercise of this jurisdiction it has never been claimed that this court can substi-

tute its discretion for that of the inferior tribunal, and compel it to exercise and enforce our discretion and not theirs." It is true the discretion of the presiding judge is a judicial and not a personal one, "yet, it being a discretion created and confided by the law, it will not be revised by this court, in the absence of any showing that it has been abused to the prejudice of the defendant" Bohannon v. State, 14 Tex. App. 271, 302, and cases cited. The presumption is that the discretion of the trial judge was properly exercised, and, "no matter from what source the court gets information to aid its discretion, when exercised, it must be regarded as properly done in the interest of justice." Coal Co. v. Coal Co., 64 Md. 302, 305, 1 Atl. 878; State v. Coleman, 8 S. C. 237; Grooms v. State, 40 Tex. Cr. R. 327, 50 S. W. 370; Cox v. State, 8 Tex. App. 254, 283, 34 Am. Rep. 746; Simmons v. St. Paul & C. Ry. Co., 18 Minn. 184 (Gil. 168). And the court's action will not be revised, unless it is clearly apparent that it has exceeded its legal discretion and authority (Bohannon v. State, supra; Cox v. State, supra), and unless it is shown that the defendant has been prejudiced thereby (Frizzell v. State, 30 Tex. App. 42-54, 16 S. W. 751). In addition to the foregoing, for cases in point, see State v. Elkins, 63 Mo. 159; Preston v. State, 4 Tex. App. 186, 192; also, Bradley v. Cramer, 61 Wis. 572, 21 N. W. 519; Miller v. T. W. & W. Ry. Co., 33 Ind. 535; Cromie v. Hoover, 40 Ind. 49; Greer v. Whitfield, 4 Lea (Tenn.) 85.

Tested by the foregoing rules, which are well settled, the majority of this court are of opinion that the defendant has not shown adequate cause for the exercise of our superintending jurisdiction. It is admitted that Cass county is free from the prejudice from which the defendant wished to escape when he applied for a change of venue, and it is not claimed nor suggested that the judge of the Third judicial district is in any respect prejudiced. The purpose for which the change was taken concededly has been accomplished by the selection of a county "where the cause complained of does not exist." The only objections urged against the court's action are (1) that it has not been shown "why a fair and impartial trial cannot be had at any of the counties adjoining or near to Ward county;" and (2) the additional expense which the defendant will incur traveling with his witnesses to Cass county.

The first objection is perhaps sufficiently answered by the mere statement that the presiding judge, who was charged with the duty of selecting a place of trial, selected Cass county, and the

further fact that the court was not limited by the constitution or by statute—and this is not disputed—to the selection of a county near to or adjoining the county where the action is pending. The presumption, as we have seen, is in favor of his action, and it has not been shown by the defendant who assails the order that a fair, impartial, and speedy trial could have been had in any of the intervening counties or judicial districts. Then, too, it appears from the defendant's affidavit in support of his application for a change, as well as the answer of the presiding judge, that he did not exceed his legal discretion in selecting a remote county. The prejudice against the defendant is alleged by him to be exceedingly bitter, and to be both personal and political, and to exist both within and without Ward county. His affidavit states, among other things, that for twelve years last past he has taken a prominent part in political affairs, and that during this time the feeling in Ward county has been very bitter, and that he was, because of his prominence in such affairs, and because of his leadership in the campaign of 1904 of one of the political factions into which that county is divided, been subjected to much personal abuse and vilification; that this prosecution is primarily to subserve political purposes and nothing else, and is being pushed vigorously by the political enemies of this defendant, both within and without Ward county; that the state's attorney is a bitter political enemy of the defendant; that this is true of the sheriff of the county and his chief deputy; that a majority of the county commissioners are bitter personal and political enemies of the defendant; that many of the township supervisors belong to the opposing faction, and they, with the county commissioners, have, in selecting names to fill the jury list, sent in only those who are his personal and political enemies—and to this general arraignment is added the allegation that the presiding judge of the district is prejudiced against him.

It will be seen that this affidavit presents a case of more than mere local prejudice. The prejudice of which the defendant complains is both personal and political, one growing entirely out of his political leadership, existing within and without Ward county, and of a more violent character; and he charges that this prosecution is purely for political purposes. That a bitter factional difference exists in Ward county, which involves the personal character and reputation of this defendant, is admitted by the answer; and it is also admitted that practically the same condition exists in

all of the counties of the Eighth judicial district, in which Ward county is situated. It is apparent that the conditions which produce the prejudice of which the defendant complains are not confined by county lines, and their extent cannot be measured by miles. The presiding judge owed a duty to the defendant, and, indeed, was required to send the case to a county where the cause complained of does not exist. Instead of selecting a county near to or adjoining Ward county, he selected a remote county, and that it would have been an improper exercise of discretion to have selected any county in the Eighth judicial district is frankly conceded by defendant's counsel, and it is not claimed in this court that any of the adjoining counties could have been properly selected. The adjoining counties in the Eighth judicial district are confessedly objectionable for the same reason that Ward is, and the adjoining counties on the south, apparently otherwise unobjectionable, are eliminated solely on the ground of inconvenience. It may be that some county might have been selected nearer to Ward, or some county between Ward and Cass county, which would be free from prejudice, but this does not show that in selecting Cass county the presiding judge exceeded his legal discretion. It shows, rather, that he exercised his discretion on the side of safety and in favor of the defendant in securing a fair trial by avoiding with certainty the bitter personal and political prejudice of which he complained.

Of the several reasons stated in the answer for the selection of Cass county in preference to other counties or judicial districts, we shall refer only to the following: It is alleged that: "Upon the motion for a change of place of trial being made by the defendant in said information, it was urged by counsel for said defendant that they were anxious for a speedy trial and disposition of said cause, and that the district court of said Ward county and the judge thereof regarded it as proper to change the place of trial to such county as would insure an expeditious trial upon said information; that at the time of making said order, changing the place of trial of said cause to Cass county in the Third judicial district, a term of the district court of said Cass county was then just opening, at which term it appeared to said district court of Ward county the issue upon said information could be tried, thus insuring a fair and expeditious trial of said cause; that at the time of making said motion for change of place of trial no presentation of facts was made by the defendant or his counsel with reference

to the number of his witnesses or the probable additional expense which might be imposed upon the defendant by any change of the place of trial, and that no showing has yet been made upon that point, the only intimation of any objections to the change as made being made in the oral comments of counsel after the order of the district court of said Ward county had been made, and in the course of stating exceptions to such order; that the order changing the place of trial upon said information was made * * * solely with the view of securing to said defendant a perfectly fair and impartial trial of the issues in said action, and the place of trial was so changed to said Cass county in the honest belief on the part of the court making said order that thereby all fear of local prejudice, or the interference by local officials or other persons, would be avoided and prevented; that in making the order changing the place of trial as aforesaid, the district court of Ward county aimed at the exercise of fair and honest discretion, believing that in making such change it was the duty of said court to protect the interests of the state as well as of the defendant, and by its order to insure that the trial be had in such county as would be removed from undue influence either for or against said defendant."

It was important that the court, in selecting the place of trial, should take into consideration the defendant's request for a speedy trial as well as a fair and impartial trial. It was important to the state as well as to the defendant. The defendant urged his desire for a speedy trial, and in doing so he was asserting a constitutional right. Section 13, state constitution. In deciding where such a trial could be had it must, we think, be admitted that one county could be preferable to another in the same judicial district, or one judicial district to another, for the purpose of securing it. The presiding judge was in a position to know of the conditions in the other counties and judicial district. A speedy trial was assured in Cass county, and it is not shown or claimed that as speedy a trial could have been had elsewhere. This reason alone, in the opinion of the majority, shows that the presiding judge did not abuse his discretion.

The objection based upon the expense added by the change to Cass county, whatever it may be, does not merit serious consideration. The defendant deliberately elected to forego a trial by a jury of the vicinage because of the alleged prejudice against him, and thus cast upon the presiding judge the duty of selecting some

other county free from complaint. He voluntarily chose to bear the additional inconvenience and expense which would result from a trial away from his home. That the actual expense of making his defense in Cass county may be greater than if the trial was had in a nearer county is probably true. The defendant did not advise the trial court, nor has he advised this court, of the probable extent of the additional expense. This was a matter which, among other things, it was proper for the presiding judge to take into consideration, but, as compared with the necessity of securing a fair, impartial and speedy trial, it is of minor importance. It is not claimed that the defendant is unable to bear the additional expense, or that he is financially unable to make his defense in Cass county, because of the expense of securing witnesses; and, if that were urged, it could not be sustained, for the legislature has made provisions for the payment of fees of witnesses by the county in such cases. Section 8408, Rev. Codes. It is apparent, and indeed it is not claimed otherwise, that the defendant will not be deprived of any legitimate means of defense because of the additional expense, or because of the change to Cass county, and the objection cannot therefore prevail against the change which secures a fair and speedy trial. That mere additional expense will not prevail against a change to a county not adjoining see People v. Baker, 3 Parker, Cr. R. (N. Y.) 181, 197. It is conceded in this case that by the order of which complaint is made the defendant was assured of a fair and impartial trial, and by an unprejudiced judge. This is what the defendant prayed for in filing his application for a change. He also demanded a speedy trial. That, too, was granted, and it is not claimed that a speedier trial could have been had elsewhere. Whatever additional expense or inconvenience may be added because of the change are merely incidents voluntarily assumed by the defendant in applying for the change, and can be given but little weight as against the court's action in selecting a county where it is admitted a fair and speedy trial will be had. As previously stated, the selection of the county was a matter for judicial discretion. The objection that an adjoining county was not selected is confessedly without merit, and this is shown to be true as to the objection based upon additional expense. No other objections were urged to the selection of Cass county. In the opinion of the majority of the court it is not shown that the presiding judge exceeded his discretion in making the order complained of.

It follows, therefore, that the application for the writ must be denied, and the temporary restraining order dissolved; and it is so ordered.

MORGAN, C. J., concurs.

ENGERUD, J., (dissenting). I am unable to concur in the conclusions reached by my associates in the foregoing opinion. I shall state my reasons for dissent as briefly as possible. I agree with my associates that when the defendant, in a criminal case, demands and proves his right to a change of venue by reason of the bias and prejudice of the judge and inhabitants of the county where the case arose, neither the defendant nor the prosecution has any constitutional or statutory right to name the county to which the action shall be sent, but that the selection of the county wherein to try the case is committed to the discretion of the district judge. I concede that in selecting the county to which to send the case the judge may act upon facts within his personal knowledge, as well as upon proof offered by the parties. In the absence of any showing to the contrary, it must be presumed that the discretion was properly exercised. This presumption in favor of the action of the trial court may be overcome, however. To hold otherwise is to vest the district judge with unlimited arbitrary power (which is synonymous with caprice) to send a case to any county in the state, however remote from the county where the crime is alleged to have been committed. The presumption in this instance in favor of the propriety and regularity of the rulings of the district judge is in no respect different in kind or degree from the presumption which prevails with respect to the decision of that court in any other discretionary matter. The decision is presumed to be right until the contrary is made to appear. If it is made to appear in an appropriate proceeding before the Supreme Court that the discretion of the district judge has been erroneously exercised or abused, the erroneous decision or order should be set aside or corrected, whether it occurs on a motion to change the venue or in any other proceeding before the lower court. This must be so because the discretion of the lower court with respect to the selection of a county to which to send the case is a judicial, not an arbitrary discretion, and, being judicial, must be reasonably exercised with due regard to the rights of the parties, and must be justified by the facts upon which the decision was based. This is a proceeding which directly challenges the propriety of the order for a change

of venue on the ground that the district judge arbitrarily, and without any reasonable cause, sent the case to Cass county. Of all the county seats in this state, east of the Missouri river, with which Minot has direct railway communication, Fargo, the county seat of Cass county, is the most remote, with the possible exception of Wahpeton in Richland county. The petitioner alleges that there is no reason in existence to justify the selection of so distant a place for trial, and the place selected was objected to in proper season. When it said that there is a presumption that judicial discretion was properly exercised, it is meant thereby merely that there is a presumption, in the absence of any proof on the subject, that there were sufficient facts to warrant the decision in question. When, however, as in this case, in response to a proceeding which directly challenges the propriety of the decision on the ground that there were no facts justifying it, the lower court is called upon to disclose and certify to this court the facts upon which it based its decision, and all those facts are before the reviewing tribunal, there is no presumption in favor of the propriety of the decision under review.

The inquiry then is: Do the facts disclosed justify the decision? So, in this case, the district court was required by the order to show cause to disclose to this court all the facts which were before it, and upon which it relied, as a reason for selecting so remote a place for trial as Cass county, instead of some one of the several nearer counties. In obedience to the order the lower court has set forth in the return all the facts which it asserts warranted its decision. The question before this court is: Do the facts set forth in the return warrant the selection of Cass county in preference to some nearer county. I am very clearly of the opinion that the facts stated in the return were utterly insufficient to justify the selection of Cass county, and disclose a clear case of abuse of discretion. It seems to me too plain for argument that, when a change of venue becomes necessary by reason of local prejudice, the district court cannot rightfully send the case for trial to a place more remote than is necessary to secure a fair and impartial trial. The disadvantages of a trial far remote from the scene of the alleged crime are obvious. It is not merely a matter of expense, although that is an important item. Every lawyer of experience knows how often during the progress of a trial some unforeseen emergency may arise which renders it imperative to get additional testimony to refute or corroborate some other testimony which

has been unexpectedly disclosed at the trial, or to obtain information to enable counsel to effectively examine or cross-examine witnesses whose presence or whose testimony is a surprise. These reasons, and others which might be suggested, render it highly important that the trial should take place no further from the scene of the alleged crime than is absolutely necessary. The legislature has wisely left it to the discretion of the court to determine on the facts of each case how far from the county where the case arose the trial shall be had in order to avoid local prejudice, and I think it is clear that the distance it may be removed is impliedly limited to that required in order to obtain a fair and impartial trial. Such is the holding in New York under a similar statute. See People v. Baker, 3 Parker, Cr. R. 181, 198; s. c., 3 Abb. Prac. 42, 56, cited in the majority opinion. In that case it is said: "Ordinarily, where the place of trial is changed, an adjoining county should be selected, and so the authorities declare. However, there is no express limitation, and, if the necessity which may require any change should call for a more remote county, that should be selected."

I maintain that the presumption is that a fair and impartial trial can be had in any county in the state until the contrary appears. That being so, it was the duty of the court to select the nearest and most accessible county to Ward county, unless some valid objection to the selection of that county existed. The presumption being that a fair and impartial trial could be had in any other county than Ward, it is clear that the burden was on him who asserts the contrary to overcome the presumption. Hence the question in this case is: Do the facts disclosed in the return furnish a valid reason for passing by the several counties near to Ward and selecting a place of trial 284 miles away? In my opinion, if the facts disclosed by the return do not show a sufficient reason for passing over near-by counties, then it was an abuse of discretion to select a remote county in preference to a near one. The nature of the showing of local prejudice was such that it gave good grounds to claim that the prejudice extended to all the counties in the Eighth judicial district, and the district judge states in his return facts within his own knowledge which it may be assumed show that a fair and impartial trial could not be had in the Second judicial district, which, until quite recently, included the counties now constituting the Eighth judicial district. The only reason assigned for not selecting some county in the Fifth district, where the county seat is on the main line of the Minneapolis, Saint Paul &

Sault Ste. Marie Railway, and thus easily accessible to Minot, is that the judge of that district is a brother of one of the attorneys for the defendant. It is needless to say that that reason is insufficient. It cannot be supposed that a district judge will be influenced in his conduct as a judge in the trial of a criminal case by his relationship to one of the attorneys. If, however, it was undesirable to send the case to Fessenden, the county seat of Wells county, in the Fifth judicial district, which county seat is only eighty-nine miles from Minot, I am unable to discover why one of the two counties in the First district should not have been selected. No reason whatever is assigned why the case should not be tried in the First district. Lakota, the county seat of Nelson county, is only 142 miles from Minot, on the main line of the Great Northern railway, and Grand Forks is 206 miles from Minot, on the same line.

It seems unreasonable to me to assume that the political strife which created the prejudice against defendant in his county and judicial district had become so widespread and general as to taint with prejudice any appreciable portion of the inhabitants of other districts not affected by the questions which created the strife in Ward county. But, even if such a condition of affairs were possible or reasonably probable, it is not claimed that such is the condition in this case. It is not pretended that a fair jury could not be had in either the Fifth or First districts. As stated before, I assert that the propriety of the court's decision must be tested by those facts, and those alone, which are shown in the return as grounds for his action. The facts stated in the return are not disputed by the petitioner, and hence we are called upon to determine only the legal sufficiency of the facts alleged by the district judge to warrant his decision. In this case, as in any other case before an appellate court, we cannot go outside the record and assume the possible existence of other facts than those disclosed by the record, in order to sustain or reverse the decision under review. The fact that perhaps a speedier trial could be had in Cass county than in any other is in my opinion no sufficient reason for the selection of that county. It is doubtless true that the speedy disposition of the case is a desirable thing, and under some circumstances would be a good reason for preferring a more distant county than a nearer one. I maintain, however, that, where the trial is not likely to be delayed for any great length of time by selecting the nearer county, then the mere fact that the case may be

tried in the distant county a few days or weeks sooner than in the nearer is no reason whatever for selecting so distant a county.

Finally, I cannot agree with my associates in the holding that the defendant, when he was informed that the district judge had selected Cass county, should have offered proof that the nearer counties were unobjectionable. As already stated, the presumption was that a fair trial could be had in any county other than those of the Eighth judicial district. It was not necessary for the defendant to reinforce the presumed fact with corroborative proof. If the reasoning of the majority were true, then a defendant who obtains a change of venue for local prejudice must come prepared to show by proof in what counties a fair trial can or cannot be had; and this, even though no one questions the presumed fact that a fair trial can be had in any county. Neither can I agree with the opinion of the majority that the petitioner is not in a position to obtain a review of the decision of the district court because he did not first make a formal motion for reconsideration of the selection in that court. The district judge assumed to select the proper county without the aid of any suggestion from counsel, or any proof that the near-by counties were objectionable. He acted upon his assumed knowledge of the facts. What those facts were he did not disclose to the parties below. How, then, could the defendant below offer proof in support of a motion for reconsideration, when he was ignorant of what undisclosed reasons for the selection were in the mind of the judge?

The petitioner asserts that there could not have been sufficient reasons in the mind of the court. He takes the position that he is willing to concede the truth of all the facts which the district judge alleges in this court as reasons for the decision, but contends that those facts, instead of supporting the decision, show an abuse of discretion. In other words, his only contention is that the undisputed facts show an abuse of discretion. In my opinion his contention is clearly sound, and the relief ought to be granted.