(124 N. W. 1116.)

---

MICHAEL SELZER v. HORACE BAGLEY, JUDGE OF THE COUNTY COURT OF McHENRY COUNTY OF INCREASED JURISDICTION.

**Courts—Prerogative Writ—Supreme Court—Writ of Prohibition.**

1. An application to this court for the issuance of a writ of prohibition directed to a county judge will not be entertained upon a showing merely of a refusal by the district judge to issue such writ. It is only in exceptional cases, involving questions of great public importance, that this court will exercise its prerogative powers in the issuance of writs to such inferior courts.

**Supreme Court—Prerogative Writ—Refusal of District Judge.**

2. If the district judge refuses without cause, to afford relief, or abuses his discretion in denying such writ, relator is not without remedy, but such refusal or abuse of discretion affords no ground for the issuance of such writ by this court.

**Prohibition—Adequacy of Other Remedy.**

3. The writ of prohibition will not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law.

*Held,* under the facts presented, that relator does not bring himself within such rule, as he possesses such remedy by appeal.

Prohibition by Michael Selzer against Horace Bagley, Judge of the County Court of McHenry County, of increased jurisdiction.

Application denied.

*Butler Lamb,* for petitioner.

*Christianson & Weber,* for respondent.

Fisk, J   This is an original application to this court for the issuance of a writ of prohibition directed to the county judge of McHenry county, commanding him to refrain from taking any proceedings in a certain civil action commenced in his court.

The sole question attempted to be presented by the application is the power and jurisdiction of the county court to entertain an application to open and vacate a default judgment, rendered in such court, after the same has been transcripted to the district court. For obvious reasons hereafter stated we are not called upon to determine such question. While this court, no doubt, has power, under its general superintending control, over all inferior courts, expressly conferred by section 86 of the Constitution, to issue writs in proper cases to county courts, it will do so only in exceptional cases, and where questions of great public interest are involved. The application here made presents no such conditions. In the affidavit used as a basis for the application it is stated that the judge of the district court of the Ninth judicial district refuses to assume jurisdiction and to issue a writ of the nature here prayed for. If such refusal was an abuse of discretion, relator possesses an adequate remedy, but it affords no reason for invoking the jurisdiction of this court to issue such writ.

But, aside from the foregoing, there exists a conclusive reason why relator's application should be denied. Under section 7836, Rev. Codes, 1905, the writ of prohibition may be issued only when there is not a plain, speedy, and adequate remedy in the ordinary course of law. That relator possesses such remedy by appealing from the order vacating the judgment entered by the county court is entirely plain, and citation of authorities is unnecessary; but in this connec-

tion we quote briefly from the Wyoming court as follows: "In the first place, the inquiry arises, will there be any other available or adequate remedy at law open to the relator if his objections to the proceedings complained of are well founded? This must be answered in the affirmative. That such other remedy is not so speedy matters not. It is certainly more orderly, and more consistent with the underlying principles governing the administration of justice through the medium of our courts. If the contention of counsel for relator is correct, in that the court is not proceeding regularly under the statute in the particulars complained of, any erroneous action or decision of the court in those matters can be reviewed here on error. Rev. St. Wyo. 1887, Sec. 3126; Hettrick v. Wilson, 12 Ohio St. 136, 80 Am. Dec. 337; Myres v. Myres, 6 Ohio St. 221. This remedy being available and adequate, we perceive no injustice in confining the relator thereto. The writ of prohibition is not a writ of right, but it is in the sound discretion of the court issuing it; and in general, it is a good reason for denying the writ that the complaining party has a complete remedy in some other or more ordinary form. State v. District Court, 5 Wyo. 227, 39 Pac. 749.

Application denied.