STATE EX REL. SCHULTZ vs. HALSEY, Circuit Judge.

*April 23—May 14, 1912.*

*Appeal: Inability to furnish undertaking: Certificate of trial judge: Review: Supreme court: Superintending control of inferior courts:* Mandamus.

1. Sec. 3052*m*, Stats. (Laws of 1909, ch. 429), providing that an undertaking for costs on appeal "shall not be required if the judge . . . shall certify . . . that the party . . . is unable to furnish such bond or undertaking," leaves to the circuit judge the determination of a question of fact; and where the evidence is conflicting or the inferences of fact therefrom doubtful his conclusions will, on appeal, be treated with the same respect as findings of fact in the trial of cases.
2. The trial judge, in such case, is not required to make the certificate merely upon the affidavits of the applicant, but may take into consideration the man's character, the extent of his acquaintance, and his probable ability to secure bondsmen.
3. In order to justify the exercise of the superintending control of the supreme court, the duty of the inferior court must be plain, its refusal to proceed in the performance of that duty clear, the results of such refusal prejudicial, the remedy by appeal or writ of error utterly inadequate, and the application to the supreme court for relief prompt.
4. Where an application for a certificate that a party is unable to furnish an undertaking for costs, as provided in sec. 3052*m* (Laws of 1909, ch. 429), was made upon affidavits to the effect that he earned from $750 to $900 a year, that his entire income was consumed in the support of his family, that he had practically no property and no accumulated earnings, that he was unable to furnish any undertaking for costs to the amount of $250, and that he had no friend or relative who could or would act as surety for him, and there were counter affidavits, the duty of the trial judge was not so plain as matter of law as to justify issuing a writ of *mandamus* compelling him to issue such certificate.

MANDAMUS. The alternative writ was issued out of this court on April 3, and on the return thereto the cause was argued on April 23, 1912.

*H. B. Walmsley*, for the relator.

For the respondent there was a brief by *Doe & Ballhorn*, and oral argument by *J. B. Doe*.

PER CURIAM.   *Mandamus* out of this court to compel the defendant, as circuit judge of Milwaukee county, to certify that the relator is unable to furnish an undertaking upon appeal from a judgment of the circuit court for said county.   It appears by the petition and the return to the alternative writ that the relator brought action in said court against several defendants and that a verdict for defendants was directed and judgment of dismissal entered thereon December 14, 1911. Thereafter the relator made three applications to the circuit court based upon affidavits for a certificate, under sec. 3052*m*, Stats. (Laws of 1909, ch. 429), to the effect that he was unable to furnish an undertaking for costs in order that he might appeal without bond or undertaking under the provisions of said section.   The applications were opposed by counter affidavits.

It appeared in substance from the various affidavits that the plaintiff was steadily employed by the Pfister & Vogel Leather Company and earned about $15 a week at the time the applications were made, which at the present time has been increased to the sum of $18 a week; that he has a wife and four children under eleven years of age, owns personal property in the shape of household furniture not exceeding $150 in value, has no accumulated earnings, and pays $9 per month rent for a house.   He states in his affidavit that it takes all of his earnings to support his family and that he has no friend or relative who can and will sign the undertaking as surety for him. An affidavit by an insurance agent of Milwaukee was to the effect that no surety company would furnish the bond to a person circumstanced as relator was, unless the sum of $250 in cash were deposited in addition to the fee.

The circuit judge declined to make the certificate because,

as he states in his return, he was not convinced that the relator was "unable to furnish an undertaking for costs upon the appeal."

The statute above referred to provides that the undertaking for costs upon an appeal "shall not be required if the judge . . . shall certify . . . that the party . . . is unable to furnish such bond or undertaking."

This evidently leaves to the circuit judge the determination of a question of fact. Had it been the purpose of the legislature to provide that every person whose entire weekly earnings were used up in the support of his family might appeal without undertaking, it would have been easy as well as natural to provide for the filing of an affidavit to that effect which should operate *ipso facto* in place of an undertaking. The legislature, however, did not choose so to do; they provided that the trial judge must certify to the inability. Of course the certificate must be based on evidence, and where the evidence is conflicting or the inferences of fact therefrom are doubtful this court obviously must treat his conclusions with the same respect that it treats findings of fact in the trial of cases.

It certainly cannot be said as matter of law that every man who is earning from $750 to $900 a year at a steady employment who swears that his entire income is consumed in the support of his family is unable to furnish any undertaking for costs to the amount of $250. If such a man is industrious and has shown himself worthy of confidence he would ordinarily have little difficulty in procuring sureties upon an undertaking of that amount. The circuit judge heard the main case tried and doubtless had better opportunities to judge of the character of the man, the extent of his acquaintance, and his probable ability to secure bondsmen if he made the necessary effort, than we can possibly have. We think the judge was entitled to take such information into consideration and was not required to make the certificate simply because the re-

lator made oath that all his earnings were required for the support of his family and that he could not secure sureties.

This is an application for the exercise of the power of superintending control. In order to justify the exercise of that extraordinary jurisdiction the duty of the lower court must be plain, its refusal to proceed in the performance of that duty clear, the results of such refusal prejudicial, the remedy by appeal or writ of error utterly inadequate, and the application for relief by *mandamus* prompt. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. In the present case it cannot be said that the duty of the trial judge to grant the certificate was in any respect plain.

*By the Court.*—The alternative writ of *mandamus* is quashed and the proceedings dismissed without costs.