# STATE EX REL. RED RIVER BRICK CORPORATION et al. v. DISTRICT COURT OF THE COUNTY OF GRAND FORKS et al.

### (138 N. W. 988.)

**Supreme court — superintending control.**

1. Under the provisions of §§ 86 and 87 of the Constitution, the supreme court is given superintending control over inferior courts, and has the power to issue any of the writs therein named and such others as may be necessary to the proper exercise of such control.

**Supreme court — superintending control.**

2. The superintending power of the supreme court is primarily over courts, and was granted to insure the harmonious working of our judicial system to meet emergencies, and for cases where other relief provided is inadequate or incomplete, and not for purposes of review as by appeal.

**Remedy by appeal — adequacy.**

3. Whether the remedy by appeal is adequate or speedy must be determined by the exercise of the sound discretion of this court, applied to the facts in each given case.

**Supreme court — superintending control.**

4. The primary function of this court is the determination of appeals, and its appellate jurisdiction is the one which must be sought by litigants seeking relief, wherever it is applicable and furnishes them adequate and speedy protection, and its superintending power should not be exercised except in case of emergency, exigency, or when necessary by reason of the lack of any other adequate remedy, or when the ends of justice make its exercise imperatively necessary.

**Supreme court — superintending control — remedy by appeal.**

5. Proceedings were instituted in the district court of Grand Forks county for the purpose of punishing certain parties for alleged contempt, consisting in disobedience to the prohibitions of a judgment theretofore entered in an action in that county pending an appeal to this court, on application for a writ commanding the district court in which such proceedings were maintained, to vacate its order dismissing the contempt proceedings, and commanding it to punish the parties named for contempt. *Held*, that relator has an adequate remedy by appeal, and that no such emergency is disclosed, and no such failure of justice

Note.—The authorities on the question of superintending control and supervisory jurisdiction of superior over inferior courts are reviewed in an extensive note in 51 L.R.A. 33, and in a supplemental note in 20 L.R.A.(N.S.) 942.

appears imminent, as will warrant this court, in the exercise of its power of superintending control, to make the alternative writ permanent; and it is therefore quashed and the proceeding dismissed.

Opinion filed November 20, 1912.

Mandamus by the Red River Valley Brick Corporation, Falconer Township, and School District No. 59, against the District Court of the First Judicial District, and *Kneeshaw*, J., sitting at the request of *Templeton*, J.

Writ quashed.

*George R. Robbins* and *George A. Bangs,* for relators.

*J. B. Wineman,* for respondents.

SPALDING, Ch. J.   Briefly, the history of the matter involved in this proceeding is as follows:   The city of Grand Fords, under the authority of §§ 2825 et seq., Rev. Code 1905, as amended by chap. 47, Laws of 1907, chap. 58, Laws of 1909, and chap. 47, Laws of. 1911, attempted to extend its boundaries so as to embrace and include something over 700 additional acres, including 10 acres belonging to the Red River Valley Brick Corporation, one of the relators herein.   In proceedings thereafter instituted in the district court, Hon. Chas. F. Templeton, as judge of Grand Forks county, entered judgment holding such proceedings void and the attempted annexation invalid, and restraining the city and its officers and agents from exercising or attempting to exercise any authority or jurisdiction by reason thereof, and particularly from assessing, for purposes of taxation, the property situated in the territory so attempted to be annexed. .

May 22d, 1912, defendants perfected an appeal to the supreme court from such judgment.   The appeal was taken by service of notice, and the giving of bond was especially waived.   Whereupon the city assessor of Grand Forks, acting upon the advice of the city attorney, is alleged to have proceeded to assess the property lying within the proposed extension.   The corporations of which it had been parts did the same. The city assessor's assessment was certified by him to the city board of equalization; the township assessments, to the county board.   The assessment by the city was made May 27th, and the books were certified

June 1st, and the relators' knowledge thereof was acquired June 5th, 1912. Relators thereupon immediately applied to Hon. C. F. Templeton, judge of said district, for an order requiring the city and its officers to show cause why they should not be punished for contempt for the violation of the injunctional portion of the judgment. Owing to the illness of Judge Templeton, such order was made returnable before Hon. W. J. Kneeshaw, of the seventh district, by whom it was heard. It is claimed by relators that on the hearing held June 19th the assessor and city attorney expressly admitted the violation of the injunction. The court, at the conclusion of the hearing, made its order dismissing the order to show cause and the contempt proceedings.

This court is asked, in the exercise of its superintending control over inferior courts, to review the action of the district court, and direct it to find the parties mentioned guilty of contempt, and punish them accordingly, on the theory that their admission of a violation of the injunctional portion of the judgment deprived the district court of discretion in the premises, and that it was its duty to find them guilty of contempt. On the hearing on the return day of the alternative writ, the defendants submitted a motion to quash, and also made return. The conclusion which has been reached by this court makes it unnecessary to enter into details regarding the motion and return. Sufficient reference will be made to them in the course of this opinion.

The history of the supervisory control of courts of last resort over inferior courts is a very interesting study, but to enter into a consideration thereof would unduly extend this opinion, and it can be so readily found in most comprehensive yet condensed form, in books accessible generally to the bar, that we feel no useful purpose would be served by reviewing it at this time. We call especial attention to State ex rel. Fourth Nat. Bank v. Johnson, 103 Wis. 591, 79 N. W. 1081, and the comprehensive note to that case, found in 51 L.R.A. 33; also the several opinions of the learned judges of the supreme court of Wisconsin, in State ex rel. Umbreit v. Helms, 136 Wis. 432, 118 N. W. 158; State ex rel. McGovern v. Williams, 136 Wis. 1, 116 N. W. 225, and note in 20 L.R.A.(N.S.) 942; and the opinion of Chief Justice Brantly in State ex rel. Whiteside v. First Judicial Dist. Ct. 24 Mont. 539, 63 Pac. 395.

The sections of the Constitution bearing on the subject of the supervisory control of the supreme court over inferior courts are as follows:

Sec. 86: "The supreme court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

Sec. 87: "It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same."

The legislative assembly has made regulations regarding the issuance of the writ of mandamus, which we need not notice further than that they provide for the writ to be directed to an inferior tribunal to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station, or to compel the admission to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by any inferior tribunal. Section 7822, Rev. Codes 1905. And that the writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. Section 7823, Rev. Codes 1905. It is apparent from the foregoing constitutional provisions that this court is possessed of several separate and distinct classes of power, only one of which need be considered here. It is unquestionably given superintending control over inferior courts, and it has the power to issue any of the writs named, and such others as may be necessary to the proper exercise of such control. In several cases this court has passed upon its power to issue prerogative writs, and has held that it would issue them only when the sovereignty of the state, its prerogatives, or the liberties of its citizens were involved, or the matter was *publici juris*. The respondents cite and rely upon such cases. They, however, are not authority when the court is requested to exercise its superintending control.

In other instances we have been called upon to supervise and review the proceedings of inferior courts, but it has generally been held that a proper case was not presented for the exercise of this power. Gunn v. Lauder, 10 N. D. 389, 87 N. W. 999; State ex rel. Dorgan v. Fisk,

15 N. D. 219, 107 N. W. 191; Murphy v. District Ct. 14 N. D. 542, 105 N. W. 728, 9 Ann. Cas. 170; State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248; Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866; Selzer v. Bagley, 19 N. D. 697, 124 N. W. 426; Stockwell v. Crawford, 21 N. D. 261, 130 N. W. 225.

This superintending power conferred by the Constitution of this state, as well as by most of the other Constitutions, is primarily over courts, and was granted so there might be some method by which the harmonious working of our judicial system could be insured, and to meet emergencies, and where other relief provided is inadequate or incomplete. Its relation to litigants is only incidental. It was not intended to grant, by this provision, the power of review as by appeal. That power is the first power enumerated in § 86, and is separate and distinct from the superintending power. People v. Richmond, 16 Cal. 278; State ex rel. Fourth Nat. Bank v. Johnson, supra; State ex rel. Umbreit v. Helms, 136 Wis. 432, 118 N. W. 158; State v. First Judicial Dist. Ct. 24 Mont. 539, 63 Pac. 395. It is held in the last cited case that the writs enumerated in the Constitution are not the appropriate writs for the exercise by the supreme court of its superintending control, but, in effect, that the character of the writ must be determined on the facts and by the necessities of each case, and that it should be denominated, whatever its character, a "supervisory writ." We deem the appellation of the "writ" as wholly immaterial.

When a proper case arises for the exercise of this power, the writ necessary to fit the case may take the nature of a command or of a prohibition, or, to enable the court to determine its character, it may be found necessary to issue a preliminary writ requiring records to be certified up, and this may be done. We are satisfied that the authorities to which reference has been made are applicable here, and that their determination of the purpose of the Constitution framers in granting this superintending control is correct. It has been so intimated in several of the cases decided by this court, to which reference has been made. Whether or not the remedy by appeal is adequate or speedy must be determined by the exercise of the sound discretion of this court, applied to the facts in each given case. State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191. And this rule has been held to apply to the original writs when not sought to control the action of an inferior

court.    Among other authorities, see State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385; State ex rel. Byrne v. Wilcox, 11 N. D. 329, 91 N. W. 955; Duluth Elevator Co. v. White, 11 N. D. 534, 90 N. W. 12; State ex rel. Davis v. Willis, 19 N. D. 209, 124 N. W. 706.    We are satisfied that the power of superintending control is very broad, but in line with the authorities cited, and many more which have been examined, we feel constrained to hold that this power should not be exercised except in case of emergency or exigency, or when made necessary by the lack of other adequate remedy, or when the ends of justice imperatively demand it.    It has been repeatedly held that the primary function of this court is the consideration of appeals.    If it was intended by the Constitution framers that this court should exercise its superintending power over the inferior courts at the behest of litigants, for the purpose of reviewing and revising their decisions, there would have been no occasion to make a separate specification of appellate power, as was done.    The appellate jurisdiction of this court is the one which must be sought by defeated litigants seeking relief, in all cases where it is applicable and furnishes adequate and speedy protection to them.    Cases may well be imagined, and they do sometimes arise, where no other provision has been made, or where an appeal would be partially or wholly ineffectual by reason of the exigencies of the situation.    It was entirely appropriate that provision should be made for such emergencies, and this has been done by granting the power which we are considering.

In State ex rel. Atty. Gen. v. District Ct. 13 N. D. 211, 100 N. W. 248, application was made to this court for a writ of mandamus directed to the judge of the fourth judicial district, commanding him to proceed forthwith to hear and determine on the merits an application which he had dismissed, or to show cause, etc.    The proceeding which had been dismissed was one instituted for the purpose of removing a sheriff from office.    It was held that the writ was not available where there was another plain, speedy, and adequate remedy in the ordinary course of law to accomplish the same purpose; that it would not lie for the purpose of controlling an inferior court in the exercise of its judicial discretion, or if the court had decided erroneously, it was an error in the exercise of its jurisdiction, to be corrected on appeal, and that it

24 N. D.—3.

would not be compelled to reverse the decision on mandamus; and that a dismissal did not deprive the relator of an adequate remedy.

In Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866, the writ was denied because the relators had an adequate remedy by appeal, although the application was to this court to exercise its superintending control.

In State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191, this court issued a writ of prohibition against the judge of the district court, prohibiting further proceedings in an action seeking to enjoin a board of drainage commissioners from acting regularly within its exclusive jurisdiction, because that court had exceeded its jurisdiction, and to permit it to proceed would delay a public improvement of importance; but held that the remedy should be cautiously granted.

In Selzer v. Bagley, 19 N. D. 697, 124 N. W. 426, a writ was denied because the right of appeal existed, and it was held that the fact that an appeal could not be heard as speedily as the writ would act did not furnish grounds for issuing the writ.

In Lewis v. Gallup, 5 N. D. 384, 67 N. W. 137, a writ of certiorari was denied against a justice of the peace for the same reason.

In Huron v. Campbell, 3 S. D. 309, 53 N. W. 182, the supreme court of that state held that, under the provisions of its Constitution regarding superintending control, that court has ample authority, to be exercised within its judicial discretion, to issue a writ to review the proceedings of subordinate courts, where the action complained of is beyond the discretionary powers of such courts, or where there is an abuse of such discretion, *and the remedy by appeal is inadequate and the case is urgent and the circumstances require prompt action on the part of the appellate court to prevent injustice and injury resulting.*

In Wood v. Strother, 76 Cal. 545, 9 Am. St. Rep. 249, 18 Pac. 770, the California court held that the propriety of the issuance of the writ in any case must depend upon whether, under the law of the state where the litigation arises, the determination was intended to be final, and if not, as to whether the system of practice furnishes any other adequate remedy; that where the determination was not intended to be final, but there is another plain, speedy, and adequate remedy, the writ cannot issue, as it was not designed to usurp the place of other remedies; but that it must issue where no other adequate remedy is

provided, as otherwise there would be an admitted wrong without a remedy, and a failure of justice.

We now proceed to determine whether, by the record on the instant application, a case is presented coming within what we have construed to be the proper and legitimate province of this court under its superintending control grant of power. As we have seen, a judgment was entered by the district court enjoining the defendants from doing certain acts. An appeal was taken from that judgment to this court. By stipulation of the parties, the giving of a supersedeas bond was waived. No contention is made that the effect of the appeal was different from what it would have been had a bond been given. We must assume that the defendants proceeded to do the acts forbidden by the judgment. The district court initiated proceedings to punish them for civil contempt. There is a diversity of opinion as to whether the appeal superseded the judgment. It is maintained by the defendants that it did, and that they were therefore free, while the appeal was pending and undetermined, to perform their official duties, though prohibited by the judgment. On the other hand, the relators herein contend that the character of the acts to be performed was of a nature not covered by an appeal, but that the prohibition and injunction still remained in force. It is apparent that on the determination of this question depended the fact of a contempt. The court discharged the contempt proceedings and declined to punish the defendants, whereupon these proceedings were instituted to compel the court, by the exercise of the superintending control of this court, to revoke its order of dismissal and proceed to punish the defendants for disobedience of the mandates of the district court judgment. It appears by the record that at the hearing the defendants frankly admitted the doing of some of the acts prohibited. Their excuse is legal advice to the effect that the appeal relieved them of the injunction. The court did not, of record, determine this question, but held that there had been no intentional contempt committed, and also attempts to justify his action by other considerations.

The only emergency called to our attention is the fact that the property of a considerable number of citizens, located in the territory sought to be included within the corporate limits of the city of Grand Forks, has been assessed by the city, and that the assessment will be spread

upon the tax rolls of the county, and that the financial affairs of the minor municipal corporations, of which this territory had constituted parts of the city, county, and state, will become involved by reason thereof, and because of the delay occasioned by an appeal. Our attention is called to the Wisconsin cases hereinbefore cited, and others, as authority for this court to direct the district court not only to proceed with the matter in question, but how to do so and how to decide it; this on the theory, which is strenuously urged, that the district court had no discretion in the premises; that its refusal to hold the defendants was in violation of law and the rights of the parties. We deem it altogether unnecessary to determine any questions as to the effect of the appeal on the provisions of the judgment of the district court. Some very broad language is contained in some of the Wisconsin authorities, but it is evident that the language of the opinions must be read in the light of the facts dealt with, and when so read these authorities clearly and fully recognize that it is not the duty of the supreme court to direct or control the judgment or discretion of a trial court, at least not so except in case of an emergency, and when great injustice would necessarily result from not so doing.

The facts involved in the Wisconsin cases are too complicated and extended to set out fully. It is sufficient to say that in State ex rel. Fourth Nat. Bank v. Johnson, 103 Wis. 591, 51 L.R.A. 33, 79 N. W. 1081, the court held that, by the grant of superintending control, the supreme court is endowed with a separate and independent jurisdiction which enables and requires it, in a proper case, to control the course of ordinary litigation in inferior courts; that is, power and the right to hear and determine the cause on the writ, including the determination of questions of fact; and that no part of such power can be taken away by statute; that under such power the supreme court will compel an inferior court to perform a duty imposed by statute, not discretionary in its nature, and also compel action where discretion is to be exercised, when it clearly appears that such discretion has not been exercised; or that action had been taken in manifest disregard of duty, or without semblance of legal power, and where it further appears that there is no remedy by appeal, or, if there is, that it is entirely inadequate, and that the exigency is of such an extreme nature as to justify the interposition of this extraordinary power. So far

as need be stated, the records of that case disclose that the affairs of an insolvent bank were involved; that its assets consisted largely of commercial paper, uncollected, on which suit had not been brought and on which the statute of limitations would run in a very short time and before an appeal could afford any adequate remedy, and the writ was accordingly granted.

In State ex rel. Fourth Nat. Bank v. Johnson, 105 Wis. 164, 83 N. W. 320, the same insolvent estate was again involved. The district court did not comply with the terms of the order made in the case before cited, in all respects, and a writ was granted, but it was said that "it has always been understood to be what it is in fact, a power to be used only when there is no other remedy under our judicial system that will meet the situation and prevent irreparable mischief, and when that mischief springs from something other than mere error of judgment," and that it was evident that the proceedings of the trial court were ruled by a misconception of the statutory rights of petitioning creditors, and that that court had assumed and exercised power which it did not possess, and refused to exercise power which it was clearly called upon to exercise, by statute; that thereby the statute was nullified, and that the wrong perpetrated could not be redressed in any other way than in the summary method of appeal to the constitutional superintending power of the supreme court.

In State ex rel. Umbreit v. Helms, 136 Wis. 432, 118 N. W. 158, the writ was denied, the facts being that complaint had been made before a justice of the peace against an individual, charging him with an offense; that he had been convicted and sentenced by the justice, and had appealed to the circuit court; that before a jury was impaneled by the circuit court in the case, a motion was made and granted to quash the complaint and for the discharge of the defendant, because the complaint failed to state facts sufficient to constitute an offense under the laws of the state, and the court refused to proceed further with the action. The supreme court, while recognizing the general rule that mandamus will not issue under the superintending control to serve the purpose of a writ of error to review judicial action of a trial court, held that that rule was subject to limitations which were applicable to criminal cases, and which need not be mentioned here; but it held that where it appears that the duty of the court below is

plain, the refusal to perform such duty clear, the result of the refusal prejudicial, and the remedy by writ of error or appeal utterly inadequate, that this was sufficient to arouse the jurisdiction of the supreme court under its power of superintending control. It then considered the question of an exigency warranting the exercise of that power, and held that, in view of the facility with which further prosecution might be maintained, if found necessary, no such serious prejudice would result from the action of the trial court as to call for the exercise by the supreme court of this power of superintending control. Appended to the opinion in the last cited case is a lengthy review by Judge Marshall, of that court, of the Wisconsin authorities on subject, and a keen analysis of the different powers possessed by the appellate court. This review is worthy the perusal of every student of our judicial system.

It was again held in State ex rel. Schultz v. Halsey, 149 Wis. 551, 136 N. W. 285, that, "in order to justify the exercise of that extraordinary jurisdiction, the duty of the lower court must be plain, its refusal to proceed in the performance of that duty clear, the results of such refusal prejudicial, the remedy by appeal or writ of error utterly inadequate, and the application for relief by mandamus prompt."

It will be seen from these statements, notwithstanding the broad language used in the first case cited, from the Wisconsin court, the doctrine there prevails that there must be an emergency or exigency, or some special and pressing reason why the superintending power should be exercised.

In the case at bar we are unable to reach the conclusion, even though the decision of Judge Kneeshaw was erroneous, or even, in some degree, arbitrary, which we do not determine, that this power should be put forth. The right of appeal from the original judgment existed; it has been exercised; the case is in this court, and in the ordinary course of procedure will be heard within a comparatively short time. If that judgment is affirmed and the tax levied, and the assessment, directly or indirectly, found invalid and void, it cannot be assumed that the officials, either city or county, will fail to do their duty in the premises, and if they do so, no serious detriment will be occasioned the relators. The record shows that the property in the territory in question has been assessed by the officials of the other municipal cor-

porations, and hence, in case of affirmance, they will not lose the revenue to which they are entitled, while if the trial court is reversed, they are not entitled to such revenue.

No appeal is taken which does not cause one or both parties more or less inconvenience and delay in securing their rights, but irreparable injury will not result, so far as we are able to ascertain, from the delay occasioned by the pending appeal, and no such emergency exists as would justify this court in granting the permanent writ.   Should we do so in every case in which some inconvenience is occasioned by the delay incident to an appeal, we should be utterly unable to hear and determine cases here on appeal, which it has been said and held is the primary function of this court.

It is argued by defendants that an appeal having also been taken from the order dismissing the contempt proceedings, we should not consider this application.   We do not notice that contention further than to remark that on such appeal the action of the district court can be more fully and fairly reviewed than under the present proceedings, and if it should be determined that its action was erroneous, in view of the record before it, the relators will still have as ample opportunity to recoup themselves for the expenses incurred as they would have if the writ were now granted.

It is urged that the writ should issue for the purpose of asserting and maintaining the respect due to the judgments of the courts, and for other similar reasons.   We are not unmindful of the fact that it is the duty of all courts to maintain their proper authority, and to insist upon obedience to their orders and judgments.   It is only by so doing that courts are able to serve the public by which they are maintained, and insure the due administration of justice and protect the lives, the liberty, and the property of the citizens.   No trifling by litigants or others should be permitted with the mandates of the courts. They are constituted for the purpose of settling differences, and in recognition of the fact that there must be some final arbiter of legal controversies, and if the result of litigation is to be minimized or destroyed by trifling of parties and the indifference of courts to their own judgments and orders, the purpose for which they are established is largely, if not wholly, nullified, and litigants are without protection; but charges of contempt in trial courts are at least primarily de-

terminable in the forum where or against which they are alleged to have been committed.

In addition to the foregoing, we may say that it has been held by courts of at least two states specifically that a final order of a trial court refusing to punish for wilful contempt of its orders cannot be reviewed under a writ of mandamus, and that where contempt proceedings have been dismissed, the appellate court will not by mandamus compel the trial court to punish. Heilbron v. Superior Ct. 72 Cal. 96, 13 Pac. 160; State ex rel. Thatcher v. Horner, 16 Mo. App. 191.

The writ is denied, and the alternative writ quashed.