## LEONARD STOCKWELL v. W. C. CRAWFORD, District Judge of the Tenth Judicial District of North Dakota.

(130 N. W. 225.)

**Mandamus — Official Discretion.**

1. Generally mandamus does not lie to control the exercise of judicial discretion.

**Courts — Adjournment — Discretion of Presiding Judge.**

2. Under the facts disclosed by the record in this case, the action of the defendant as judge of the district court of Billings county, set forth in the opinion, in adjourning a term of the district court of that county without trying the case in which the plaintiff herein was a party, was an exercise of judicial discretion.

**Judges — Affidavit of Prejudice — Form of Filing.**

3. Affidavits of prejudice directed at the judge of the district court, and not filed before the commencement of the term at which the case is to be tried, are of no effect, and do not deprive the judge of the right or power to try the action in which such affidavits are filed during term time.

**Mandamus — Reconvening Court — Calling in Another Judge.**

4. Under the circumstances and proceedings surrounding the act of the judge in this case, it is *held,* that his attempts to secure the judges of other districts to sit in the trial of the case in his place were purely voluntary; and that mandamus will not lie to compel him to reconvene the term of court and call in another judge by reason of his not having made every effort possible to secure another judge to sit in the trial of the cause in which the plaintiff was a party.

**Courts — Terms — Adjournment — Discretion of Judge.**

5. The discretion of a judge of the district court pertaining to the setting of causes for trial, the order of their arrangement on the calendar, and the adjournment of terms of his court, is almost unlimited, and ofttimes the rights of a litigant must give way to the superior rights of the public and the necessities of the occasion as governed by the duties of the judge and the terms and business of the several counties of his district.

Opinion filed February 29, 1911.

Mandamus by Leonard Stockwell against W. C. Crawford, District Judge of the Tenth Judicial District.

Writ quashed.

*M. A. Hildreth,* for petitioner.

*W. F. Burnett* and *T. F. Murtha,* for respondent.

SPALDING, J.   The plaintiff herein applied to this court for an alternative writ of mandamus directing the Honorable W. C. Crawford, judge of the tenth judicial district, to immediately reconvene the district court for the county of Billings and proceed to the trial of the cause of Stockwell v. Haigh, by jury, without delay, and to fix some reasonable time and proceed to the trial of said cause; or to show cause for not obeying the command of the writ.   The judge of that district made due return to the writ, and it rests upon us to determine whether the action of Judge Crawford in adjourning, *sine die,* the regular January term of the district court of Billings county on the 23d day of January, 1911, furnishes ground for the relief demanded by plaintiff.

It appears from the showing made by the plaintiff that the district court in Billings county convened on the 10th day of January, last, and upon the call of the calendar the plaintiff, by his counsel, gave notice that he was ready to try and dispose of the case above referred to; that in arranging the calendar of causes for trial upon a call thereof,

plaintiff's case was set as the tenth case for trial, and that he, with his witnesses and counsel, remained in attendance upon the court awaiting the disposition of cases having precedence over his, until the 23d of January, at considerable expense.; that after the criminal business was disposed of, the civil calendar was taken up on the 16th or 17th of January, and, on the 21st of that month, applicant's case was called for trial. Thereupon the defendant responded that he was unable to have his attorneys, Messrs. Ball, Watson, Young, & Lawrence present, by reason of the fact that Mr. Lawrence had been called out of the state on account of the serious illness of his mother. The court gave the defendant, Haigh, to understand that he must make arrangements for different counsel, and that said cause would have to be tried in its regular order; thereupon said Haigh presented to the clerk, and offered for filing, his affidavit of prejudice against the judge, uncorroborated by any affidavit of counsel. Counsel for the plaintiff objected to the sufficiency of the affidavit, and the court indicated that it was insufficient and imperfect. Counsel also made the point that the application for a change of judges came too late, because not filed on or before the first day of the term, as required by the statute. The 21st day of January was Saturday. The matter was held open until Monday, the 23d. Upon the latter day, and after the disposition of the business, the case was called for trial, and thereupon, W. F. Burnett, Esq., of Dickinson, presented the affidavit offered on the 21st of January, with the required corroborating affidavit, when counsel for the plaintiff insisted that the cause should proceed at once to trial.

The court, after consideration, stated that he felt great delicacy in trying the cause (the reasons given need not be stated here), and that he would grant the application for a change of judges. Thereupon he endeavored to secure the attendance of the judge of the sixth judicial district, and, failing in that, the judge of the third judicial district, but was unable to secure his attendance, and made no further effort.

These proceedings occurred after noon; and at about 5 o'clock on the 23d day of January, over the objection of counsel, the judge refused to hold the term of court open until he could communicate and arrange with some other judge, but adjourned the term *sine die*.

Section 7045, Rev. Codes 1905, states the conditions upon which the judge of one district shall call in the judge of another district, by rea-

son of prejudice, and it requires the affidavits of prejudice to be filed after issue joined and before the opening of the term at which the cause is to be tried. It is conceded by plaintiff that the affidavits in this case were ineffective by reason of their not having been filed on or prior to the opening of the term of court.

Great stress is laid upon the circumstances surrounding the case, as indicating the bad faith of the defendant in filing the affidavits of prejudice; and it does appear very strongly that, finding himself at a disadvantage by reason of his attorney being called away, he had resorted to this method to secure a continuance of the case. But we are dealing with the legal phase of the matter, and must consider the return of Judge Crawford, as the motive of the defendant is of less importance than the reasons given by the judge.

Judges Winchester and Pollock were the only judges residing on a direct line of railroad from Medora, the county seat of Billings county; and it appears from the return, that Judge Crawford knew that Judge Coffey, of the fifth judicial district, was engaged in a term of court, and that Judge Crawford had cases set for trial at Dickinson, in Stark county, on the 25th and 26th days of January; that the tenth judicial district is composed of ten counties, and that he is required to hold about twenty terms of court in each year therein; that prior to the time mentioned a term had been called for Mott, in Hettinger county, for the 30th day of January, and another in Morton county, for the 7th day of February; that the Hettinger county term would continue one week, and the Morton county term probably two or three weeks, and that an outside judge could not be procured without exchanging places with him, and that by reason of the imminency of such terms of court and the trial of causes previously set at Dickinson, it would have been impossible for him to exchange places with any other judge. He also sets out, what this court takes judicial notice of, that Medora is a small village near the western border of the state, and that any judge, other than those before named, would have to travel a great distance to reach there; and it is also clear that, if any such judge had been able to arrange his pending business so as to have left his home on the 24th, he could not have reached Medora before the 25th or 26th of January.

It is shown that the case in question was on the calendar for the first time; that three other cases involving the same facts and requiring

the attendance of the same witnesses were also on the calendar, one of which had been continued till the next term of court.

This is a greatly abridged statement of the conditions and facts, but it is sufficient for the purpose.

Great emphasis is placed upon the right of the plaintiff to have a speedy trial, and on other provisions of the Constitution, but it appears to us that the question is one of the proper or improper exercise of the discretion of the court.

For the reasons stated, the judge was under no legal obligation to call in another judge. This, we think, leaves the question, so far as we are called upon to deal with it, in the same position as though no affidavits of prejudice had been filed. By adjourning the term *sine die,* at 5 o'clock on the 23d, when the judge had cases previously set for trial at Dickinson on the 25th, was the plaintiff deprived of a legal right for which we can, under the circumstances, furnish a remedy? The Declaration of Rights, found in the Constitution, provides that, "all courts shall be open, and every man, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due process of law, and right and justice administered without sale, denial, or delay." But the question of delay is a relative question. What does or what does not constitute delay depends largely on the surrounding circumstances, the work imposed upon the judge, and other conditions. The judge of a district comprised of ten counties, in which he is required to hold at least twenty terms of court per year, must necessarily be permitted to exercise a very large degree of discretion in the arrangement of the cases of his district, and in determining when he must adjourn a term of court, and when he should hear causes in the different counties. Aside from the jury terms, the court is open at all times for the trial or hearing of other causes and motions, and if this court should arbitrarily say that all the other business of a large judicial district must be suspended at a given instant to permit the judge to try any particular cause, we should be supervising his acts with reference to matters of which we are often incapable of judging.

The affidavits of prejudice, being invalid, renders the attempt of Judge Crawford to secure another judge a purely voluntary act, and, being so, he could extend his efforts to all the district judges of the state, or make the request of only such as, in his opinion, might be

able to attend and sit in his place without undue inconvenience or expense. The law relating to judges serving in districts other than their own is very inadequate to meet the situation. Every time a judge goes out of his district to accommodate another judge, or to preside where the local judge is disqualified, he must pay his own expenses going and coming, and during his attendance, and it in fact works a penalty upon the judge who is called upon to do so. Aside from the judges named, no judge could have been reached in this state who would not have had to travel from 400 to 800 miles. Undoubtedly these matters were all considered. In fact, the return of Judge Crawford so indicates. Did, then, his adjournment of the term on the evening of the 23d, when he had previously set cases for trial in Dickinson for the 25th, constitute an abuse of discretion? Dickinson is 40 miles east of Medora. Only two trains each way per day stop at Medora, and it is quite possible that it would have taken Judge Crawford a considerable portion of the 24th to reach Dickinson; but if there were a large number of witnesses present, as is indicated by the plaintiff, it is not at all probable that the case could have been completed on the 24th, and several days might have been consumed in the trial, in which case it would certainly have interfered with the previous arrangements of the judge for the hearing of other causes.

We know of no matter on which there is so wide an opportunity for the exercise of discretion pertaining to litigation as in the setting and arrangement of causes for trial by the district court, and in view of the immeasurably superior opportunities for intelligent judgment in such matters possessed by the district judge, it must in effect be left practically to his sense of the needs, relations, and necessities of the parties and the public. It must be a most clear and extraordinary violation of his duties to warrant this court in holding that he should reconvene a term which he has once adjourned, when he has business in other counties of his district requiring immediate attention.

We regret that the situation works a hardship to litigants, as it often does, and as it appears to have done in this instance; but their rights must ofttimes give way to the superior rights of the public and the necessities of the occasion. The affidavits of prejudice being of no force, and the action of the judge in calling on the other judges having been purely voluntary, the matter rests on the exercise of the discretion of

the district judge. Mandamus does not generally lie to control the exercise of judicial discretion. 26 Cyc. Law & Proc. p. 188. Had he simply declined to act on an erroneous claim that he was disqualified, the writ might lie, but the return shows the grounds set forth above.

The writ is quashed.

All concur, except MORGAN, Ch. J., not participating.