## STOCKWELL v. HAIGH.

(135 N. W. 764.)

**Change of venue — order to show cause against — jurisdiction to hear application.**

1. On the return of an order requiring plaintiff to show cause why a change of venue should not be ordered from Billings county on the ground that an impartial trial could not be had therein, an objection was interposed to the jurisdiction to hear such application, for the alleged reason that, prior to the issuance of such order to show cause, an affidavit of prejudice had been filed against the judge who issued the same.

*Held*, that such objection was properly overruled for the reasons, first, that there was no proof that such alleged affidavit or prejudice was filed; and, second, plaintiff made a general appearance on the return of such order to show cause, and opposed the application on the merits before another district judge, who had been requested to hear and determine such application.

**Change of venue — sufficiency of proof to justify.**

2. The motion for a change of venue was supported by the affidavits of defendant and one F., corroborated by about thirty other residents of the county, and the plaintiff produced at the hearing the affidavits of seventeen persons. The latter affidavits were not printed in the abstract. The trial judge granted the application.

*Held*, that defendant's showing was amply sufficient to justify the order complained of.

**Appeal — discretion as to change of venue.**

3. District judges are vested with a sound judicial discretion in the matter of granting or refusing applications for a change of the place of trial, and their decision will not be disturbed except where there has been a clear abuse of such discretion.

Opinion filed March 26, 1912.

Appeal from District Court, Billings county; *Nuchols,* Special Judge.

From an order granting defendant's motion for a change of the place of trial, plaintiff appeals.

Affirmed.

*M. A. Hildreth,* for appellant.

Judge Crawford was disqualified to act, and the making of the order was without authority of law, and gave Judge Nuchols no right to hear the application. Orcutt v. Conrad, 10 N. D. 431, 87 N. W. 982; Tiffany v. Lord, 65 N. Y. 310; Wheeler v. Lampman, 4 Johns. 481; Malcolm v. Rogers, 1 Cow. 1; Brett v. Brown, 13 Abb. Pr. N. S. 295; Von Hesse v. Mackaye, 8 N. Y. Supp. 894.

If the court considers the application on its merits, the affidavits were wholly insufficient upon which to predicate a right for a change of the place of trial, and it was an abuse of discretion for the court to grant the motion. People v. Bodine, 7 Hill, 147; People v. McCauley, 1 Cal. 379; Sloan v. Smith, 3 Cal. 410; People v. McGarvey, 56 Cal. 327; People v. Williams, 24 Cal. 31; People v. Shuler, 28 Cal. 490; Sloan v. Smith, 3 Cal. 412; People v. Fisher, 6 Cal. 154; Schafer v. Shaw, 87 Wis. 185, 58 N. W. 240; Erickson v. Shaw, 87 Wis. 187, note, 58 N. W. 241; People v. Sammis, 3 Hun, 560; see Territory v. Egan, 3 Dak. 119, 13 N. W. 569; Frank v. Avery, 21 Wis. 168; People v. Bodine, 7 Hill, 147; People v. Wright, 5 How. Pr. 23; People v. Williams, 3 N. Y. Crim. Rep. 75; Budge v. Northam, 20 How. Pr. 248; Messenger v. Holmes, 12 Wend. 203; Patchin v. Sands, 10 Wend. 570; Cook v. Pendergast, 61 Cal. 72; 2 Wait, Pr. 620.

*F. M. Murtha* and *W. F. Burnett,* for respondents.

Application for change of venue on the ground of local prejudice is addressed to the sound discretion of the trial court, and will not be disturbed unless there is a great abuse of discretion. Cyra v. Stewart, 79 Wis. 72, 48 N. W. 50; Gandy v. Bissell, 81 Neb. 102, 115 N. W. 571, 117 N. W. 349; Jacob v. Oyster Bay, 119 App. Div. 503, 104 N. Y. Supp. 275.

Fisk, J. On June 10, 1911, Judge Crawford, of the tenth judicial district, issued an order in this action, requiring plaintiff to show cause on July 19, 1911, at 9 o'clock A. M., why a change of the place

of trial of such cause should not be ordered. The order to show cause was supported by a large number of affidavits by residents of Billings county, wherein such action was at the time pending, tending to show that an impartial trial could not be had therein. Such order was made returnable before any other district judge then presiding at the term of the district court in Billings county in case of the absence of Judge Crawford. On the return date Judge Nuchols was the presiding judge at said term, sitting at the request of Judge Crawford, and plaintiff, through his counsel, made what he styles a special appearance, and filed the following objections:

"1. That the Honorable W. C. Crawford, who made said order on the 10th day of June, A. D. 1911, had no jurisdiction whatsoever to make the same, for the reason that an affidavit of prejudice had been filed by the defendant, Haigh, against the said Judge Crawford long prior to the regular June, 1911, term of said court, and said affidavit of prejudice and demand for change of judges had been acted upon by his Honor, W. C. Crawford, and said judge was absolutely divested of any jurisdiction whatsoever in said cause to make said order, which purports to have been made on the 10th day of June, A. D. 1911.

"2. The affidavit of Mr. Haigh is insufficient to predicate a change of venue on the grounds of prejudice or otherwise.

"3. The affidavit of Mr. Foley is made upon information and belief, and the affidavit of J. A. Haigh and others who have signed the same states no facts of any kind or character of probative weight upon which to predicate a change of venue. And on the further grounds that the order to show cause herein referred to was served on the attorney for the plaintiff while he was engaged in a trial of a cause in the Federal court in the city of Fargo on the 16th day of June, 1911, between the hours of 10 and 12 o'clock of said day, and therefore said service was insufficient in point of time upon which to predicate an application for a change of venue in said cause."

Appellant's assignments of error present but two questions for determination: First, Did the court have jurisdiction to make the order? If so, then, second, was defendant's showing on the merits sufficient to justify such order?

The first question must receive an affirmative answer for two reasons. There is no showing that prior to the time Judge Crawford

issued the order to show cause a sufficient affidavit of prejudice had been filed to oust him of jurisdiction. In fact, the record is silent as to the filing of any such affidavit, but appellant directs our attention to the opinion of this court in Stockwell v. Crawford, 21 N. D. 261, 130 N. W. 225, presumably as proof that such an affidavit was filed. This is no proof of such fact, and furthermore it was expressly held in the Crawford Case that the affidavit was not filed within the statutory time, and did not for such reason oust Judge Crawford of jurisdiction in the action. But in any event, appellant made a general appearance before Judge Nuchols on the return of the order to show cause, by challenging, on the merits, the sufficiency of defendant's affidavits, and consequently he must be held to have waived any objection which he might have had to the jurisdiction of Judge Crawford to issue such order.

This brings us to a consideration of appellant's second contention, which challenges on the merits the sufficiency of defendant's showing to authorize a change of the place of trial. Such showing consisted principally of the affidavits of defendant and one James W. Foley, corroborated by about thirty other residents of Billings county, the material portions of such affidavits being as follows: "That he now is and for many years last past has been a resident of Billings county, North Dakota, and that he is well acquainted in said county and in practically every part thereof, and well acquainted with the persons in said county who are liable to be called for jury service; affiant further states that for nearly two years last past the facts at issue and the questions involved in the trial of the above entitled action have been widely discussed by the people of Billings county, and great publicity has been given to the case by the newspapers of said county and adjoining county; that the case has provoked a great deal of bitter feeling in the city of Beach and the country tributary thereto and among the people thereof; that the people generally have taken sides in said case; that by reason of the great publicity and notoriety given to the case the people of the county, in affiant's opinion, have quite generally formed and expressed opinions concerning the merits of the case; that a criminal action (was tried therein) growing out of the same state of facts between the party plaintiff and defendant in this action, the said plaintiff in this case being the prosecuting witness in the criminal case;

that all the matters pertaining to the purported facts in said case with respect to the party plaintiff as well as the defendant herein have been a subject of universal comment in Billings county; affiant believes and states on his information and belief, that a great number of jurors called upon the jury at the present term of court have heard this case discussed as to its merits, and affiant is informed and believes that by reason of said facts many of them are not impartial as between the plaintiff and the defendant, and affiant believes that the ends of justice would best be subserved by the place of trial in said action being changed from Billings county to some other county."

In opposition thereto appellant produced the affidavits of seventeen persons, but such affidavits are not printed in the abstract and hence cannot be considered.

Appellant argues that defendant's affidavits state no facts, but contain merely expressions of belief that an impartial trial could not be had, and that such affidavits are merely on information and belief. We are unable to concur in this view. Indeed, we cannot very well see how a much stronger showing could have been made. In the nature of things such a showing must, to some extent, be based upon information and belief, instead of positive knowledge. Of course mere statements of conclusions without any facts on which they are based would not suffice. The proof must show facts from which the court is able to judicially determine that an impartial trial cannot be had in the county from which a change of venue is asked. Where such a showing is made, but there is a counter showing by the other party, it is a matter for the trial judge to decide within the exercise of a sound judicial discretion, and his decision will not be disturbed unless it appears that he has clearly abused such discretion. State v. Winchester, 18 N. D. 534, 122 N. W. 1111, 21 Ann. Cas. 1196.

After duly considering appellant's contentions, as well as the authorities cited in his brief, we are agreed that under the record on this appeal the trial judge was fully justified in making the order complained of. Such order is accordingly affirmed.