PEOPLES STATE BANK OF BRADLEY et al, Appellants, v. NORDNESS et. ux., Respondents.

(208 N. W. 984.)

File No. 5646.   Opinion filed May 28, 1926.)

Appearance—Defendant, Joining in Motion to Dissolve Attachment, Makes a General Appearance, and Cannot Claim Benefit of Special Appearance, in Motion to Quash Service of Summons.

Defendant, by joining in motion to dissolve attachment on ground that allegations in affidavit on which it was based were false, requests action on merits by court having jurisdiction over parties, thereby making general appearance, and cannot claim benefit of special appearance, in motion to quash service of summons.

---

Note.—See, Headnote, American Key-Numbered Digest, Appearance, Key-No. 9(7), 4 C. J. Sec. 32 (Anno).

Appeal from Circuit Court, Day County; Hon. Robert D. Gardner, Judge.

Action by the People's State Bank of Bradley and another against R. L. Nordness and wife. From an order vacating and setting aside service of summons and complaint, plaintiffs appeal. Reversed.

*W. F. Bruell* and *R. M. Henderson*, both of Redfield, and *Roy E. Willy*, of Platte, for Appellants.

*Waddel & Dougherty*, of Webster, for Respondents.

POLLEY, J.   This appeal is from an order vacating and setting aside the service of the summons and complaint. The purported service of the summons and complaint was made in Hennepin County, Minn.   The respondent G. C. Nordness appeared specially and moved to set aside and vacate the service of the summons and complaint.   In support of her motion she filed her own

affidavit, in which she states positively that the summons and complaint were never served on her; that she had never seen either the summons or complaint or the deputy sheriff who claimed to have made the service. Defendant R. L. Nordness made an affidavit, in which he states that the person who served the summons and complaint on him also left with him a copy of said papers for his wife.

Appellant contends that respondent is not entitled to be heard upon this motion, for the reason that she had already entered a general appearance in the action and had thereby waived her right to question the jurisdiction of the court. This contention is supported by the record. Respondent joined with the other defendant in a motion to dissolve the attachment on the ground that the allegations in the affidavit upon which the attachment issued were false. This motion called upon the court to act judicially upon the merits involved in the controversy; in other words, respondent voluntarily submitted to the jurisdiction of the court. While in form their appearance was special, the nature of the relief asked was such as could be granted only by a court having jurisdiction of the parties, and therefore their appearance must be held to be general, and respondent cannot claim the benefit of a special appearance in her motion to quash the service of the summons. This rule was recognized by this court at any early date. Mars et al v. Oro Fino Min. Co., 7 S. D. 605, 65 N. W. 19. Also in North Dakota, Gans v. Beasley, 4 N. D. 140, 59 N. W. 714. See, also, Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708; Stockwell v. Haigh, 23 N. D. 54, 135 N. W. 764.

Respondents' motion to quash the service of the summons should have been denied.

The order appealed from is reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

CAMPBELL, J., not sitting.