[Cr. File No. 115.]

STATE OF NORTH DAKOTA, Respondent, v. J. G. DUFFY, Appellant.

(261 N. W. 661.)

Opinion filed June 17, 1935.

672

*P. O. Sathre,* Attorney General, and *E. J. McIlraith,* State's Attorney, for respondent.

*E. R. Sinkler, G. O. Brekke,* and *Olaf Braatelien,* for appellant.

BURR, J. Defendant was convicted of embezzlement and on January 19, 1934, was sentenced to imprisonment in the state penitentiary. The appeal to this court is "from that certain judgment of conviction" and "from that certain order transferring the said above entitled action to trial from Mountrail county, North Dakota to Ward county, North Dakota, and that the said defendant appeals from the whole of said judgment and order and all and every part thereof."

Respondent moves to dismiss the appeal on the ground that "the defendant appealed to the Supreme Court of this state, ostensibly from said judgment but actually from a certain order from the district court changing the venue. . . ." It is true, as stated by respondent, that "an order made by the district court changing the venue in a criminal action is a nonappealable order." State v. Fortune, 29 N. D. 289, 150 N. W. 926. But upon an appeal from the judgment the order may be reviewed. See § 11,014 Compiled Laws.

On this appeal from the judgment the only issue involved is the question of the change of venue granted the state.

The defendant was informed against in Divide county, but upon his filing of an "affidavit of prejudice and for change of venue" this court designated the Hon. John C. Lowe as presiding judge and the case was transferred to Mountrail county. Mr. Braatelien appeared as counsel for the defendant. On December 7, 1933 the jury disagreed.

On December 16, 1933 the State's Attorney of Divide county filed with the trial judge an application for change of venue from Mountrail county. No service of this application was made upon the defendant. An alleged service was made upon his counsel by mailing to him a notice on December 22, 1933 to the effect that this application would be heard before the presiding judge at Minot in Ward county on December 26, 1933. The presiding judge adjourned this hearing until December 28. On that date neither the defendant nor his counsel appeared in opposition to the application and the court made and entered an order changing the place of trial from Mountrail county to Ward county, setting the case for trial on Tuesday January 2, 1934.

On January 2, 1934 counsel for defendant wrote to the trial judge protesting against the trial in Ward county and insisting that the case was still pending in Mountrail county. On the next day the defendant wrote to the trial court to the same effect and stated he had made no arrangements with his counsel to continue his service and could not pay counsel nor witnesses. On January 5 the counsel wrote the trial judge to the effect that he could not appear for the defendant as the defendant was unable to pay him. By letters the court notified the defendant and his counsel that the case was set for trial on January 11 at 9:30. A. M., and by letter notified the defendant that upon proper application counsel would be appointed and witnesses subpoenaed on his behalf. This was the situation up to the time subsequent proceedings were had in the district court of Ward county. A mere statement of these facts is sufficient to show that the rights of the defendant were totally disregarded.

It is the claim of the appellant that the state could not make its application for change of venue except during the session of the district court of Mountrail county when the case was called for trial.

Under § 10,768 of the Compiled Laws the state has a right to apply for a change of venue on the same grounds as the defendant and if the court be satisfied that it will promote the ends of justice it "may order such removal on the same terms and to the same extent," as permitted the defendant. Section 10,757 provides that the petition for change of venue "must be presented at the first term of the court at which the action can be tried and before the trial is begun, or, if the action has been continued at any time before the term to which it is continued, upon reasonable notice to the state's attorney or the attorney appointed to prosecute." This provision controls the application made by the state. The case had been presented to a jury, but no verdict rendered. It is clear from the record that the case was continued until the next term of the district court of Mountrail county.

No service of the application for change of venue was made upon defendant either personally or by mail. We need not consider whether the trial court had the right to hear such application after the adjournment of the term and while outside of Mountrail county. The court is unanimous in its decision that the application for change of venue should not have been granted under the circumstances of this case and

that the change of trial from Mountrail county to Ward county was erroneous.

The trial was had in Ward county. The defendant filed protests and objections hereafter noted, which objections were overruled. The defendant offered no testimony; but upon trial was convicted and sentenced to serve a term in the penitentiary. The defendant appealed from the judgment and "from the order transferring the case from Mountrail county to Ward county and order denying the application for change of judges and change of venue from Ward county."

The specifications of error as follows: I. "The court erred in making the order transferring said action from Mountrail county to Ward county on the ground that no petition for such change was ever filed in the office of the clerk of the district court of Mountrail county, and that no notice of the application for such change was ever given to the said defendant, and that the said defendant was never at any time notified of such application, and had no notice of the change until the time the district court met at Ward county, and that said order of removal was made ex parte, and was not made in conformity with the statute in such case made and provided.

II. "The court erred in overruling the defendant's objection to the jurisdiction of the court to try said action in Ward county on the ground and for the reason that the order of removal was made ex parte without notice to the defendant and is in contravention of his constitutional rights as provided in paragraph 13 of the Constitution of the state of North Dakota, and that the said defendant did not have nor was he granted the opportunity to appear and defend in person and with counsel, and was not given the right to resist such application for change of venue; that the said action is still pending in the county of Mountrail and that said action has never been legally removed from said Mountrail county.

III. "The court erred in denying the defendant's application for a change of Judges and for a change of the place of trial from Ward county, North Dakota, on the grounds that the prejudice of the said John C. Lowe was conclusively established, and that the right to a change of the place of trial from Ward county was conclusively established, there being no affidavit filed or presented to the court resisting the said application.

IV. "The court erred in calling a jury to try the said defendant in Ward county, North Dakota, on the ground that the case was still pending in Mountrail county, North Dakota, and the same had not been removed to Ward county, and the said court of Ward county had no jurisdiction thereof.

V. "The verdict of the jury in finding the defendant guilty was and is void and of no force or effect because of lack of jurisdiction as hereinbefore set forth.

VI. "The court erred in imposing sentence on the defendant on the ground and for the reason that the court had no jurisdiction of said action, and that the said action is still pending in Mountrail county.

VII. "The court erred in entering judgment against the defendant in said action on the grounds that same was entered without jurisdiction."

The record shows that on January 8, 1934, the defendant made an affidavit, entered in the district court of Ward county, wherein he states he makes this application to the district court of Ward county and asks that witnesses on his behalf be subpoenaed for the trial in the district Court of Ward county at the expense of Divide county, and asks for the appointment of Mr. Braatelien for his counsel. The following day the district court of Ward county made an order for defendant's witnesses to appear at the expense of the county of Divide and appointing Mr. Braatelien counsel for the defendant. On the same day the defendant filed a lengthy affidavit setting forth that this action was commenced in Divide county, that the place of trial had been changed to Mountrail county and:

"That defendant is now informed that said action has by said Hon. Jno. C. Lowe been ordered removed for trial to Ward county, in the Fifth Judicial District of the State of North Dakota, and that it is set for trial at Minot, for January 11, 1934, at 9:30 o'clock A. M., but defendant had no notice of any proceedings for the removal of such action from Mountrail to Ward county, for trial, or of the proposed trial of said action at Minot on January 11, 1934, until on January 2, 1934 and after the opening of the present term of District Court in Ward county at which said action is set for trial, and defendant had no opportunity to appear in court to oppose any such removal proceedings and no means and was unable to employ counsel for his defense

and defendant had no chance or opportunity whatsoever to file this affidavit prior to the opening of the pending term of District Court in Ward county and he now makes and files this affidavit at his first chance and opportunity so to do after learning of the purported removal of said action to Ward county for trial and of the action being set for trial in Ward county, at Minot, for January 11, 1934. Defendant says that it now appears from the date of the order of removal that such order for the removal of said action, for trial, from Mountrail to Ward county, was made December 28, 1933. The term of court at Minot at which the case is proposed to be tried in Ward county began January 2, 1934, four days after the making of said order of removal and affiant says that he had no notice or knowledge of the case being removed for trial to Ward county or of the proposal to try it there until January 2, 1934, when he received a letter from E. J. McIlraith, States Attorney of Divide county, advising the defendant of the alleged removal of the action to Ward county. Such letter from States Attorney E. J. McIlraith was received at Colgan, N. D., where defendant resides, in the evening of January 2, 1934.

"That said action is still pending before the Hon. Jno. C. Lowe, Judge of the District Court of said Fifth Judicial District but this defendant says that he has reason to believe and does believe that he cannot have a fair and impartial trial or hearing before said Judge of the District Court by reason of the bias and prejudice of such judge. . . .

"Defendant says that the order of December 28, 1933, by the Hon. Jno. C. Lowe purporting to remove said action for trial from Mountrail to Ward county, made without notice to defendant, took defendant by surprise and was made at a time when defendant had no counsel and had no means to employ and was unable to employ counsel, and such order was calculated to and did and has deprived defendant of sufficient time and opportunity to arrange for his defense in Ward county, and defendant believes and therefore alleges that the making of said order by the said Hon. Jno. C. Lowe, without first requiring notice of such removal proceedings to be given defendant and affording defendant means and a reasonable opportunity to appear in or defend against such removal proceedings, was in itself so unfair as to clearly evince such bias and prejudice on the part of the said Hon. Jno. C. Lowe against

this defendant as to wholly disqualify said Hon. Jno. C. Lowe from proceeding further in said action.

"Defendant further says that he is informed and therefore alleges that said Hon. Jno. C. Lowe held the last jury term of district court in Ward county just preceding the present jury term of court now being held in Ward county, and at which he now proposes to try this defendant, and that if he now also holds this term of court in Ward county, said Jno. C. Lowe will be holding two consecutive terms of court in Ward county, this without the permission of the Supreme Court, and in violation of Chapter 111 of the Session Laws of North Dakota for 1929, and defendant believes and therefore alleges that the fact that said Hon. Jno. C. Lowe has set said action for trial at the term of court now pending in Ward county, and proposes to and insists upon acting in said action at said term in disregard of the provisions of said Chapter 111, Session Laws 1929, is in itself so reprehensible, irregular and uncalled for as to clearly evince such bias and prejudice on the part of the said Hon. Jno. C. Lowe against this defendant as to wholly disqualify said Hon. Jno. C. Lowe from proceeding further in said action.

"Defendant says that because of the facts and law hereinbefore set forth he has reason to believe and does believe that any trial of said action before the Hon. Jno. C. Lowe, in Ward county and at the term of court now convened there, would be without jurisdiction and would obviously not be such a judicial trial as would constitute due process of law, under usual methods of criminal procedure, and would not otherwise be a fair and impartial trial of said action because of the bias and prejudice of the said Hon. Jno. C. Lowe.

"Affiant says that he would be deprived of a fair and impartial trial of this action in Ward county for the reason that the District Court in Ward county has no jurisdiction whatsoever to try said action; that no lawful trial thereof can be had in Ward county; that the order made herein on Dec. 28, 1933 by the Hon. Jno. C. Lowe, purporting to remove said action for trial from said Mountrail county, North Dakota, to Ward county, North Dakota, is an illegal and unauthorized order and does not confer any jurisdiction on the District Court of Ward county to try said action. That the state did not apply for such order for the removal of said action from Mountrail county in the manner

directed by § 10,769 of the Compiled Laws of North Dakota for 1913. That said action was left pending in Mountrail county by the disagreement of the jury there and that no petition for the removal of said action from Mountrail county was ever presented at a term of the District Court in Mountrail county at which the action could be tried or at any adjourned session of such term, as required by § 10,756 of the Compiled Laws of North Dakota for 1913, and that no notice whatsoever of any proceedings to remove said action from Mountrail county to Ward county was ever served upon or given to this defendant, as required and intended by law, and that he had no means or way or opportunity to defend himself against such removal proceedings, but that the alleged removal proceedings, and the order made to remove said action from Mountrail to Ward county, were wholly unauthorized, arbitrary, illegal and unlawful and did not confer any jurisdiction on the District Court of Ward county to try said action. That for lack of jurisdiction in said District Court of Ward county to try said action any trial thereof had in Ward county would be irregular and unlawful and would and could not be legal and a fair and impartial trial of said action.

"Affiant further says that the people in Minot and of Ward county, North Dakota, are so prejudiced against the offense of which this defendant is accused that he cannot have a fair and impartial trial in said action at Minot and in Ward county, North Dakota. That many embezzlement cases have been commenced in said county during the last few weeks, many of them being commenced against prominent men of the City of Minot for alleged embezzlements of public funds while acting as city officials, and that while several of these cases have already been dismissed the cases have nevertheless aroused much public interest and feeling, and much general discussion as to what constitutes embezzlement, and such cases have incited public sentiment and prejudice against the crime of embezzlement and have so prejudiced the people of the City of Minot and of Ward county against the offense of which defendant is accused that defendant cannot have a fair and impartial trial of this action at Minot and in the District Court of Ward county, North Dakota.

"That for reasons hereinbefore set forth, and the facts recited, your affiant prays that some other District Judge, other than the Hon. Jno.

C. Lowe, be designated to act in and try said action and that the order of the said Hon. Jno. C. Lowe, dated December 28, 1933, purporting to transfer said action for trial from Mountrail county, North Dakota, to Ward county, North Dakota, be vacated and set aside, and declared a nullity, and that the venue for the trial of said action be determined to still be and remain in Mountrail county in the Fifth Judicial District of the State of North Dakota where said action was left by the disagreement of the jury, as aforesaid, and where, as defendant verily believes and therefore alleges, said action is still regularly and lawfully pending for trial."

At the same time counsel for the defendant filed a "Special Appearance and Objections to Jurisdiction of Court" wherein he sets forth:

"That no notice of any removal proceedings or any opportunity to defend against such removal proceedings was ever given the defendant, as intended by law, and that the purported removal of said action from Mountrail county to Ward county, for trial, was irregular and unauthorized and did not confer any jurisdiction on the District Court of Ward county to try this action.

"That the district judge presiding at the present term of the District Court in Ward county also presided at the last preceding term of the district court in Ward county, this without the permission of the Supreme Court, and for good cause shown, all in disregard of the provisions of Chapter 111 of the Session Laws of North Dakota for 1929.

"That the defendant has filed an affidavit of prejudice, and also for change of venue in this action, under the provisions of Chapter 215, Session Laws of North Dakota for 1927, which statute is mandatory and absolutely controls the criminal procedure on the filing of such affidavit and provides that the filing of such affidavit disqualifies the judge of the district court before whom the action is pending to further act in the cause; that because of the showing made in said affidavit of prejudice and for a change of venue and because of the reasons here given any trial of this action by this Court and at this present term of court in Ward county would be such disregard of every rule of criminal procedure, and for the protection of the defendant, and for securing

the purity and impartiality of the courts, as would be calculated to deprive defendant of his liberty without due process of law."

Some members of this court are of the opinion that these proceedings show that though the defendant persisted in his objection to the jurisdiction of the district court of Ward county to try him owing to the absolute futility of the change granted to the state, yet this act of the court was an error of law and defendant's actions in the district court of Ward county amounted to an invoking of the jurisdiction of that court; that in fact by asking for affirmative relief such as the appointment of counsel, the subpoenaing of witnesses and his references to a change of venue from Ward county he submitted to the jurisdiction of Ward county, invoked that jurisdiction, and therefore waived whatever irregularity or error there was in the granting of the application of the state to change the place of trial from Mountrail county to Ward county.

The majority of the court is of the opinion that the affidavit and objections filed by the defendant, though designated "Affidavit of Prejudice and for Change of Venue" and alleges therein that the people of Minot and of Ward county are so prejudiced against the offense that he can not have a fair and impartial trial in Ward county; must be considered rather as a protest to the assumption of jurisdiction and as additional reasons why he is protesting against the assumption of jurisdiction rather than an invoking of the jurisdiction; that applying the rules set forth in 27 R. C. L. 909, "No man can be bound by a waiver of his rights, unless such waiver is distinctly made" the intention to waive them does not plainly appear. The minority of the court is of the opinion that the specification of error No. 3 shows the defendant intended to invoke the jurisdiction of the court; and therefore the rule set forth in Stockwell v. Haigh, 23 N. D. 54, 135 N. W. 764, and State v. Shortridge, 54 N. D. 779, 787, 211 N. W 336 applies.

The majority of the court are of the conviction, and therefore it is the judgment of this court, that taking into consideration all of the proceedings of the defendant and his counsel after the disagreement in Mountrail county the whole intent of the defendant was to object to the jurisdiction of the court, that he had no purpose or intent to submit to the jurisdiction and that while the language in applications and

affidavits may appear to be submission and the invoking of the jurisdiction of the court, nevertheless, in reviewing the entire record the defendant did not in fact submit to the jurisdiction of the district court of Ward county and therefore did not waive any error or irregularity. This being so, it is clear the conviction must be set aside on the ground that the district court of Ward county had no jurisdiction whatever to try the case. The judgment is reversed and the case remanded to the district court of Mountrail county for further disposition.

BURKE, Ch. J., and CHRISTIANSON, MORRIS and NUESSLE, JJ., concur.